BUSH, Appellant, et al.,

v.

ABEX CORPORATION et al; Asbestos Corporation, Limited et al., Appellees.

[Cite as *Bush v. ABEX Corp.* (1989), 64 Ohio App.3d 402.]

Court of Appeals of Ohio,
Montgomery County.

No. CA 11504.

Decided Dec. 26, 1989.

*Ronald E. Schultz* and *Brian M. Roberts,* for appellant.

*Jane E. Garfinkel,* for appellee Asbestos Corp., Ltd.

*James W. Gustin* and *Myron J. Bromberg,* for appellee Lac d'Amiante du Quebec, Ltee.

*Per Curiam.*

Delores Bush appeals from summary judgments granted in favor of Lac d'Amiante du Quebec, Ltee ("LAQ") and Asbestos Corporation, Limited ("ACL").

David Bush worked for General Motors Corporation at the Delco Moraine Division in Dayton, Ohio, from 1962 to 1987. Bush worked in the chemistry section of the engineering laboratory as a reliability chemist. Delores Bush, David Bush's wife, stated in her deposition that David Bush tested materials and parts, including brake linings, at Delco Moraine. She stated that on December 10, 1986, he was diagnosed as having mesothelioma, which allegedly is a type of cancer caused by asbestos exposure. David Bush died on July 16, 1987.

On June 5, 1987, David and Delores Bush filed a complaint against twenty defendants including LAQ and ACL and alleged the following causes of action: strict liability, negligence, breach of implied warranty, and intentional tort. On August 6, 1987, an amended complaint was filed by Delores Bush individually and as executrix of David Bush's estate against nineteen defendants. All of the defendants except LAQ and ACL were dismissed from the case. LAQ and ACL moved for summary judgment, arguing that Delores Bush presented no evidence of David Bush's exposure to asbestos manufactured by ACL and LAQ. Their motions were sustained.

The trial court stated:

"Plaintiff has presented no evidence that her decedent ('Mr. Bush') was exposed to any asbestos mined or sold by ACL or LAQ;

"Evidence that Mr. Bush worked at a job site at a time when ACL or LAQ asbestos was or may have been used fails to make the necessary showing that Mr. Bush was exposed to any asbestos mined or sold by ACL or LAQ on a regular basis over an extended period of time in proximity to where he actually worked. * * * [Citations omitted.]

"Plaintiff's failure to demonstrate any nexus between the presence of asbestos mined or sold by ACL or LAQ and Mr. Bush is a failure to prove the existence of any proximate cause mandating entry of summary judgment."

Delores Bush's assignment of error states:

"The trial court erred as a matter of law in ruling that plaintiff presented no evidence that plaintiff's decedent, David L. Bush, was exposed to any asbestos, mined or sold, by LAQ and ACL; and in granting the motions for summary judgment of these defendants-appellees."

Delores Bush argues that there was sufficient evidence presented to create a genuine issue of material fact as to whether or not David Bush was exposed to asbestos manufactured by LAQ. She maintains that the record shows that LAQ supplied raw asbestos to Delco Moraine for use in the production of drum brake linings. Delores Bush maintains that the record indicates that LAQ sent raw asbestos to General Motors's Inland Division for use in the production of drum brake linings. Delores Bush contends that there is evidence that a majority of the drum brake linings were sent to Delco Moraine. She argues that the record shows that samples of incoming materials sent to Delco Moraine, including raw asbestos and drum brake linings, were tested in the Delco Moraine laboratory by David Bush.

Delores Bush contends that sufficient evidence was presented to create a genuine issue of material fact as to whether David Bush was exposed to asbestos manufactured by ACL. She states that the record shows that ACL raw asbestos fiber was sent to Delco Moraine, and was used for the production of brake linings. She states that the record shows that samples of raw asbestos fiber sent to Delco Moraine were tested by David Bush in the laboratory. She maintains that the evidence shows that ACL raw asbestos fiber was sent to Inland and used in the production of drum brake linings, a majority of which were sent to Delco Moraine and either tested by David Bush or tested in the laboratory where Bush worked.

Evidence before the trial court relating to the motions for summary judgment by ACL and LAQ included deposition testimony from Louis Carey, Delores Bush, and Gary Funkhouser, affidavits by Robert Bahr, Roland Gagnon, and Alain Dulude, and General Motors's answers to interrogatories.

Louis Carey testified at his deposition that he worked "side by side" with David Bush from 1962 to 1987 except for a few months in 1985. Carey stated that he and Bush did the same type of work. He stated that Bush was exposed to raw asbestos and asbestos from brake linings while he worked at Delco Moraine.

Carey stated that the brake linings were tested by grinding them to determine whether they met quality specifications. Carey stated that on many occasions he saw Bush grind brake linings. Carey stated that he was exposed to dust from the ground brake linings. Carey testified that the brake linings tested in the Delco Moraine lab were manufactured by a number of different manufacturers. Carey stated that he could not recall the names of any brake lining manufacturers. He later stated that brake lining manufacturers included Bendix and Raybestos. Carey stated that he had never heard of Asbestos Corporation, Limited.

Carey stated that raw asbestos was tested at Delco Moraine to determine its quality. He stated that the bulk of raw asbestos would have been used in the production area of Delco Moraine. He stated that raw asbestos in the laboratory was packaged in small quantities. He stated that he could not remember markings on the bags of raw asbestos.

Carey stated in an affidavit attached to the plaintiff's supplemental memorandum in opposition to the motions for summary judgment as follows:

"During the time that I worked in the laboratory at Delco Moraine that [sic] as part of the company's quality control procedures that [sic] a sample of any incoming material into the plant, including raw asbestos and asbestos-containing brake linings, would have been sent to the laboratory for testing, on a periodic basis.

"There was an experimental production area in the laboratory where raw asbestos was used in the experimental production of asbestos-containing brake linings. This experimental production of asbestos-containing brake linings using raw asbestos created dust and during the time that Dave Bush and I worked in the laboratory it was necessary for us to walk through or near the experimental production area every day."

Gary Funkhouser stated in his deposition that he started working at Delco Moraine in 1964 and that he worked with David Bush for about twenty years. He stated that from about 1972 to 1974 he worked in the "materials area" at Delco Moraine and would test samples of items such as asbestos, powdered nickel, and powdered copper. He stated that the manufacturers of asbestos that he tested included Johns–Manville and "maybe Asbestos Corporation." He stated that once his department finished testing, the materials were sent to the "Chem Lab." Funkhouser stated that Bush "would ultimately end up with all of [the items tested] * * * because all of them would be sent to the Chem Lab for further analysis." He stated that he saw Bush test asbestos but that he did not know the manufacturer of the asbestos tested by Bush. Funkhouser stated that he worked in other areas of Delco Moraine from 1974 until 1979, when he went back to the lab and performed tests similar to the ones that he had done from 1972 to 1974. He stated that the manufacturers of asbestos that he tested in 1979 were Johns–Manville and Asbestos Corporation.

Funkhouser stated that in 1981, he became a reliability chemist and worked in the quality control reliability lab with David Bush. Funkhouser stated that he worked with asbestos in testing friction materials. He stated that at that time Bush also performed tests on brake linings and was exposed to asbestos dust. He stated that Bush tested brake linings prior to 1981. He stated that at that time all of the brake linings contained asbestos. He stated that the

manufacturers of the brake linings were Raybestos and Inlight. He stated that Inlight products were made at Inland Division. He stated that disc brake linings made at Delco Moraine contained asbestos and that Bush would have tested those brake linings as well.

He stated that twenty-five-gram samples of raw asbestos were tested in the laboratory. He stated that he remembered that Asbestos Corporation asbestos was tested because he saw the corporation's name on a bag. Funkhouser stated that samples of raw asbestos were sent to be tested in the chemical laboratory and that Bush ran tests on everything in the chemical laboratory. He stated that Delco Moraine received a shipment of raw asbestos fiber about once a week and that three tests were done on each sample.

Funkhouser stated that he did not recognize the name Lac d'Amiante du Quebec, Ltee and that he did not know whether quality control tests were done on Lac d'Amiante du Quebec, Ltee products.

Robert Bahr averred that he was employed at Inland Division of General Motors in 1981 and that he now is a purchasing manager at Inland. He averred, in pertinent part, as follows:

"These records, last compiled in January 1985, reflect that the following suppliers shipped asbestos to Inland commencing with the date shown to the right of the individual supplier's name. The dates shown reflect the earliest date for which Inland in 1985, had an existing business record of a shipment of asbestos from the corresponding supplier.

| "VENDOR | FIRST RECORD |
| --- | --- |
| "Asbestos Fibre Corporation | 1/13/72 |
| "Johns Manville Corporation | 4/30/75 |
| "Lake Asbestos of Quebec, Ltd | 1/11/77 |
| "JM Asbestos Sales Inc. | 2/17/84 |

"Long before 1960, and continuing through to the present, Inland has manufactured drum brake linings using raw asbestos fiber.

"The vast majority of the drum brake linings manufactured by Inland were shipped to another General Motors operating division, Delco Moraine * * *."

Roland Gagnon stated in his affidavit that he was the former senior vice president of marketing at LAQ. He averred that LAQ has mined, milled, and sold raw asbestos fiber, and continues to do so. Gagnon also averred:

"Based on personal knowledge and a review of LAQ's records, LAQ's supply to these plants during the years alleged was as follows:

| "Delco Moraine | | |
| --- | --- | --- |
| "1967 | 0 | lbs. |
| "1968 | 4 | lbs. |
| "1969 | 5 | lbs. |
| "1970 | 100 | lbs. |

"Inland

| "1977 | 63.70 | tons |
| "1978 | 308 | tons |
| "1979 | 200 | tons |
| "1980 | 120 | metric tons |
| "1981 | 60 | metric tons |
| "1982 | 60 | metric tons |
| "1983 | 40 | metric tons |
| "1984 | 0 | tons |
| "1985 | 0 | tons" |

Alain Dulude stated in his affidavit that he is the vice president of Asbestos Corporation Limited and that ACL manufactures and sells raw asbestos fiber, not asbestos-containing products. He also averred that "ACL made no sales of raw asbestos fiber to General Motors Delco Moraine Division after 1978."

General Motors's answers to Mrs. Bush's interrogatories stated that products containing asbestos that may have been present in the laboratory for analysis included chrysotile asbestos, drum brake linings, and disc brake linings. The answers stated that disc brake linings and drum brake linings were manufactured by several companies not including LAQ and ACL. The answers also stated, in pertinent part, as follows:

"These drum brake linings were attached to brake shoes at Delco Moraine. These disc brake linings were manufactured by Delco Moraine from 1967 to 1985 using chrysotile asbestos and distributed from 1967 to present.
" * * *

"With respect to drum brake linings manufactured by General Motors, the following were suppliers of chrysotile asbestos:

"Asbestos Fibre Corp.                       1939–1975
"Asbestos Corporation, Ltd.
"c/o C.L. Zimmerman Co.
"N–303 Cincinnati Union Terminal
"Cincinnati, Ohio 45203

"Lake Asbestos of Quebec, Ltd.      1977–1985
"Box 608
"Black Lake, Quebec
" * * *

"With respect to disc brake linings manufactured by General Motors, the following were suppliers of chrysotile asbestos:

"Asbestos Corp., Ltd.                       1967–1970

"Lake Asbestos                               1967–1970

"C.L. Zimmerman Co.                        1972–1977
"3655 Central Parkway
"Cincinnati, Ohio"

Delores Bush maintains that this evidence was sufficient to create a genuine issue of material fact as to whether David Bush was exposed to asbestos manufactured by LAQ and ACL.

LAQ argues that Delores Bush failed to present evidence that David Bush was ever exposed to raw asbestos manufactured and supplied by LAQ. LAQ states that Carey and Funkhouser stated in their depositions that they could not remember whether or not LAQ raw asbestos was tested at Delco Moraine. LAQ concedes that the record shows that it supplied raw asbestos to Delco Moraine from 1968 to 1970 but argues that the evidence is insufficient to prove that David Bush was exposed to LAQ asbestos. LAQ states: "At most, plaintiff has shown that David Bush was exposed to *someone's* raw asbestos while at the lab at Delco Moraine and that a minuscule amount of LAQ raw asbestos fiber was *somewhere* at the facility in 1968, 1969, and 1970."

ACL argues that Delores Bush presented evidence that ACL asbestos was present at Delco Moraine while David Bush worked there but failed to show that David Bush was, in fact, exposed to ACL asbestos fiber. ACL acknowledges evidence from Bahr's affidavit that it sent asbestos to Inland which was used in the production of drum brake linings. ACL argues that Delores Bush failed to show that brake linings made with ACL asbestos fiber at Inland were sent to Delco Moraine and tested by David Bush.

Having reviewed the evidence in a light most favorable to Delores Bush, it appears that a genuine issue of material fact exists as to whether or not David Bush was exposed to asbestos manufactured by ACL and by LAQ. Louis Carey's affidavit stated that on a periodic basis, samples of materials brought to Delco Moraine including raw asbestos and asbestos-containing brake linings, were tested in the laboratory as part of Delco Moraine's quality control procedures. Carey testified at his deposition that he and David Bush worked in the laboratory at Delco Moraine and did tests on brake linings and raw asbestos.

Gary Funkhouser testified at his deposition that David Bush tested items including raw asbestos that may have been manufactured by ACL. He stated that he remembered seeing "Asbestos Corporation" on a bag at Delco Moraine. Funkhouser stated that he saw David Bush test raw asbestos but that he, Funkhouser, did not know what company manufactured the asbestos that he saw David Bush test. Funkhouser testified that samples of raw asbestos shipments were tested in the chemical laboratory and that David Bush ran tests on all items sent to the chemical laboratory.

Funkhouser testified that David Bush did brake lining tests and that the brake linings contained asbestos. He stated that the manufacturers of brake linings tested at Delco Moraine included Inlight, and that Inlight products

were made at the General Motors Inland Division. Funkhouser stated that brake linings manufactured at Delco Moraine were also tested at Delco Moraine in the laboratory where David Bush worked.

Robert Bahr stated in his affidavit that prior to 1960 until the present, Inland manufactured drum brake linings and used raw asbestos in the process. Bahr averred that suppliers of raw asbestos to Inland were ACL, Johns–Manville, LAQ, and JM Asbestos Sales, Inc. Bahr averred that a majority of drum brake linings manufactured at Inland were sent to Delco Moraine.

Roland Gagnon, the former vice president of marketing at LAQ, stated in his affidavit that LAQ's raw asbestos was sent to Delco Moraine from 1968 to 1970. Gagnon stated that LAQ asbestos was sent to Inland from 1977 to 1983. Alain Dulude, vice president of ACL, averred that ACL made no sales of raw asbestos to Delco Moraine after 1978.

General Motors's answers to interrogatories state that asbestos-containing products that may have been tested in the laboratory included raw asbestos, drum brake linings, and disc brake linings. General Motors's answers state that drum and disc brake linings were made by several companies and that some of the brake linings were manufactured at Delco Moraine. The answers state that suppliers of raw asbestos for the production of drum brake linings at Delco Moraine were ACL from 1967 to 1970, LAQ from 1967 to 1970, and C.L. Zimmerman Company from 1972 to 1977.

In *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202, the United States Supreme Court discussed the standard of review the trial court must use in deciding a motion for summary judgment. The court stated:

"* * * If the defendant in a run-of-the-mill civil case moves for summary judgment or for a directed verdict based on the lack of proof of a material fact, the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented. The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict—'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.' [*Improvement Co. v.*] *Munson* [ (1872), 81 U.S. (14 Wall.) 442] * * * at 448 [20 L.Ed. 442]." (Emphasis *sic.*)

Sufficient circumstantial evidence existed from which a reasonable jury could infer that David Bush was exposed to ACL or LAQ asbestos, or both. There is evidence that ACL and LAQ raw asbestos was sent to the Delco Moraine plant for use in the production of brake linings. There is evidence that LAQ and ACL sent raw asbestos to the Inland Division for use in the production of brake linings, most of which were sent to Delco Moraine. Records from General Motors and Inland show that LAQ and ACL asbestos was sent to Delco Moraine and Inland during the time that Bush worked in the Delco Moraine laboratory. The evidence shows that samples of all materials sent to Delco Moraine including brake linings and raw asbestos were tested for quality in the laboratory where David Bush worked. There is testimony from Bush's coworkers that Bush did tests on raw asbestos and brake linings. The trial court should have concluded that a genuine issue of material fact exists as to whether or not David Bush was exposed to ACL or LAQ asbestos, or both. Summary judgment in favor of LAQ and ACL was improperly granted. Delores Bush's assignment of error is well taken. This case will be reversed and remanded for further proceedings in accordance with this opinion.

*Judgment reversed*
*and cause remanded.*

WOLFF, P.J., WILSON and FAIN, JJ., concur.