I respectfully dissent from the decision of the majority.
When a party moving for summary judgment "has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial." Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. Bushv. Abex Corp. (1989), 64 Ohio App.3d 402.
A genuine issue exists when the evidence presents a sufficient disagreement to require submission to a jury. Turner v. Turner (1993),67 Ohio St.3d 337. The conflict must arise from irreconcilable affirmative allegations of fact, or from competing inferences which may reasonably be derived from undisputed facts. In either event, the court must construe the evidence, that is, the facts and the inferences they support, most strongly in favor of the non-moving party.
There is no evidence, factual or inferential, from which reasonable minds could conclude that the EMT's believed Mr. Weber was having a stroke when they arrived at his home or, more to the point, when they left him there. A finding that they did would be wholly speculative, requiring the jury to assign some perverse purpose to the conduct of the EMT's merely because it is disposed to do so. It is not the purpose of summary judgment to allow that to occur, but instead to foreclose the possibility of it by requiring proof that a genuine issue of fact remains for determination.
I cannot find that a genuine issue has been preserved here on the issue of willful or wanton misconduct on the part of the EMT's, which Plaintiffs-Appellants must prove to overcome the statutory immunity from liability that R.C. 2744.02(B)(1)(c) affords Defendant-Appellees. Therefore, I would affirm.