TEED, Appellant,

v.

TWINSBURG AUTO & TRUCK et al., Appellees.

[Cite as *Teed v. Twinsburg Auto & Truck* (1994), 94 Ohio App.3d 557.]

Court of Appeals of Ohio,
Summit County.

No. 16479.

Decided May 4, 1994.

558

---

*Robert Teed,* pro se.

*Dennis Zabinski,* for appellees.

REECE, Presiding Judge.

The plaintiff-appellant, Robert Teed, appeals from the trial court's entry of summary judgment in favor of the defendants-appellees, Twinsburg Auto & Truck ("Twinsburg Auto") and Chris Essell. We reverse.

Essell is the owner and operator of Twinsburg Auto. Apparently, Essell was permitting Teed to live in a converted bus located on the Twinsburg Auto property. On September 11, 1990, Teed was removing a gas tank from a jeep at Twinsburg Auto. To remove the skid plate that protects the gas tank, Teed used a torch to cut through the metal. A spark from the torch ignited the gasoline in the tank, causing an explosion that burned Teed over eighty percent of his body.

Teed brought a negligence action against Essell and Twinsburg Auto, claiming that they had negligently instructed him to perform the torch-cutting and had failed to empty the tank or warn him that it contained gasoline. In his complaint, Teed claimed he was performing work for Twinsburg Auto as an independent contractor. Essell and Twinsburg Auto moved for summary judgment. They included with their motion for summary judgment the affidavit of Lee Ann Waite, who stated that "[Teed] has never been under the employ of Twinsburg Auto & Truck during the fifteen years I have known Chris Essell." In response to the summary judgment motion, Teed submitted his own affidavit in which he stated, "I was an employee of Chris Essell dba Twinsburg Auto and Truck at the time of my accident. Once a month or so over the preceding years, I would do work for Chris and he would pay me 'under the table' so that no taxes would be required to be paid by him or his business."

The trial court granted the motion for summary judgment, finding that "by [Teed's] own admission he was an employee of Twinsburg Auto & Truck. As a casual worker his exclusive remedy for negligence is through the Workers' Compensation System." Teed appeals, assigning as error the trial court's determination that, as a matter of law, he was an employee of Twinsburg Auto.

In reviewing a trial court's entry of summary judgment, an appellate court applies the same standard used by the trial court. *Parenti v. Goodyear Tire & Rubber Co.* (1990), 66 Ohio App.3d 826, 829, 586 N.E.2d 1121, 1122. The appellate court must view the evidence in a light most favorable to the nonmoving party and determine whether genuine issues of material fact remain for trial. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 471, 364 N.E.2d 267, 273. The Ohio Supreme Court has held that the determination of whether someone is an employee or an independent contractor is ordinarily an issue to be decided by the trier of fact. *Bostic v. Connor* (1988), 37 Ohio St.3d 144, 145–146, 524 N.E.2d 881, 883. However, "where the evidence is not in conflict or the facts are admitted, the question of whether a person is an

employee or an independent contractor is a matter of law to be decided by the court." *Id.* at 146, 524 N.E.2d at 883. The threshold issue in this appeal, therefore, must be a determination of whether the evidence is in conflict or the facts have been admitted.

Recently, in *Turner v. Turner* (1993), 67 Ohio St.3d 337, 617 N.E.2d 1123, paragraph one of the syllabus, the Supreme Court held that if a moving party's affidavit in support of summary judgment is inconsistent with the moving party's earlier deposition testimony, "summary judgment in that party's favor is improper because there exists a question of credibility which can be resolved only by the trier of fact." At least one court has relied on *Turner* in finding that an inconsistency between the nonmoving party's affidavit and the nonmoving party's earlier testimony at a receivership hearing raised a genuine issue of fact which precluded summary judgment. *OTR v. Newmarket Assoc., Ltd.* (Nov. 4, 1993), Stark App. No. 9354, unreported, 1993 WL 472861. See, also, *Kurtz v. Harcourt Brace Jovanovich, Inc.* (1990), 69 Ohio App.3d 267, 271, 590 N.E.2d 772, 775. In the present case, we do not need to extend the reasoning of the *OTR* court to the facts before us. On the contrary, even though the nonmoving party's affidavit is inconsistent with the nonmoving party's complaint, we do not rely on that inconsistency in finding that a genuine issue of material fact remains for trial. Instead, it is the evidence submitted by the moving parties, Essell and Twinsburg Auto, that raises a genuine issue of fact as to Teed's employment status, not the inconsistency between Teed's complaint and affidavit.

■ Essell and Twinsburg Auto submitted the affidavit of Lee Ann Waite, who stated that "[Teed] has never been under the employ of Twinsburg Auto & Truck during the fifteen years I have known Chris Essell." In considering the evidentiary materials submitted with a motion for summary judgment, the court must view the record in a light most favorable to the nonmoving party. *Turner,* 67 Ohio St.3d at 341, 617 N.E.2d at 1126. Thus, "[e]ven the inferences to be drawn from the underlying facts contained in the affidavits and depositions must be construed in the nonmoving party's favor." *Id.* Applying this standard to Waite's affidavit, the most favorable inference to be drawn for Teed is that he was not "under the employ of Twinsburg Auto & Truck" and therefore not an employee.

■ The trial court relied considerably on Teed's affidavit statement that he was an employee of Essell and Twinsburg Auto at the time of the explosion. In *Kurtz, supra,* 69 Ohio App.3d at 271, 590 N.E.2d at 775, the trial court, in granting the defendant summary judgment, noted that the plaintiff, Kurtz, used federal tax forms provided for self-employed persons, thereby admitting he was a self-employed independent contractor. The court of appeals reversed, finding that the evidence as a whole was sufficient to raise a ·question of fact as to

whether Kurtz was an employee or an independent contractor. Here, in light of the moving parties' evidence that Teed was never under their employ, the trial court erred by relying strictly on Teed's affidavit statement to determine his employment status. Instead, viewing the record in Teed's favor, Teed's affidavit presents evidence that he was working in some capacity for Essell and Twinsburg Auto at the time of the explosion, and Essell and Twinsburg Auto's evidence indicates that Teed was not under their employ and thus not an employee. Taken as a whole, this evidence raises a genuine issue of fact as to whether Teed was working as an independent contractor, working as an employee, or not working in any capacity for Essell and Twinsburg Auto.

Accordingly, because genuine issues of material fact remain for trial, the trial court's entry of summary judgment is reversed, and the cause is remanded for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

DICKINSON, J., concurs.

QUILLIN, J., concurs in judgment only.