OPINION
This is an accelerated calendar appeal submitted to the court on the briefs of the parties. Appellant, Linda B. Blakely, appeals from a final judgment of the Trumbull County Court of Common Pleas granting appellee, Protective Life Insurance Company, summary judgment. For the reasons that follow, we affirm the judgment of the trial court.
The record shows that on January 10, 1997, the decedent, Lynn Blakely ("Blakely"), completed an application for credit life and disability insurance with appellee. In addition to setting forth the coverage limits and premiums, the application included the following provision:
 "I am not insurable for any insurance other than Involuntary Unemployment if I now have, or during the past two (2) years, have been seen, diagnosed or treated for: (a) A condition, disease or disorder of the brain, heart, lung(s), liver, kidney(s), nervous system or circulatory system; or (b) Tumor; Cancer; Uncontrolled High Blood Pressure; Diabetes; Alcoholism; Drug Abuse; Emotional Disorder; Mental Illness; Acquired Immune Deficiency Syndrome (AIDS), the Aids Related Complex (ARC); or received test results showing evidence of antibodies of the AIDS virus (HIV Positive)." (Emphasis added.)
 Blakely died from complications following surgery on August 20, 1997. After appellant, Blakely's wife, filed a claim with appellee to collect the insurance proceeds, the company conducted an internal investigation and denied the claim. As grounds for the denial, appellee stated in a letter to appellant that Blakely had failed to disclose relevant health information that made him ineligible for insurance coverage.
On October 16, 1998, appellant filed a complaint in the Trumbull County Court of Common Pleas naming several companies, including appellee, as defendants. As part of her complaint, appellant sought declaratory relief against appellee with respect to the rights and obligations of both parties under the insurance policy issued on January 10, 1997. Appellee filed an answer on March 17, 1999, arguing, inter alia, that Blakely had provided false information regarding his medical history in his application, and that based on this fact, the company was entitled to rescind the policy.[1]
After taking the deposition of Blakely's physician, Dr. John D. Vance ("Dr. Vance"), appellee filed a motion for summary judgment with the trial court. In its motion, appellee argued that although Blakely "had an extensive history of uncontrolled high blood pressure[,]" he had falsely stated in his application that he had not been diagnosed or treated for the condition within the past two years. Appellee included with its motion for summary judgment an affidavit from Claims Director Robert Banuelos, stating that the company was unaware of Blakely's medical history when it authorized the insurance policy, and that the policy would not have been issued if the company had known of Blakely's condition.
Appellant filed a brief in opposition to appellee's motion in which she argued that summary judgment was inappropriate because there were genuine issues of material fact. Specifically, appellant claimed that her husband could have mistakenly believed that his high blood pressure was controlled through medication, and that he was not actually being treated for an uncontrolled condition.
The trial court rejected appellant's position, and in an abbreviated judgment entry filed on July 24, 2000, granted appellee summary judgment. From this decision, appellant filed a timely notice of appeal with this court. She now raises the following assignment of error for our consideration:
 "The trial court erred in granting summary judgment in favor of Appellee Protective Life Insurance Company."
 Under her sole assignment of error, appellant argues that summary judgment should not have been granted because there is no evidence in the record demonstrating that the answers provided by Blakely in the insurance application were willfully false or fraudulently made. Moreover, appellant maintains that reasonable minds could come to more than one conclusion on the issue of whether her husband made an honest mistake when he completed the application because he could have reasonably believed that his high blood pressure was controlled through medication.[2]
At the outset, we note that summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Leibreich v. A.J. Refrigeration, Inc. (1993),67 Ohio St.3d 266, 268.
Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turner v. Turner (1993),67 Ohio St.3d 337, 340, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
The party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresherv. Burt (1996), 75 Ohio St.3d 280, 293. The moving party must be able to point specifically to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim. Dresher at 293.
If the moving party fails to satisfy this initial burden, summary judgment should be denied. Id. However, if this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id. If the nonmoving party fails to do so, the trial court may enter summary judgment against that party if appropriate. Id.
R.C. 3911.06 provides the following with respect to false answers given in an application for insurance:
 "No answer to any interrogatory made by an applicant in his application for a policy shall bar the right to recover upon any policy issued thereon, or be used in evidence at any trial to recover upon such policy, unless it is clearly proved that such answer is willfully false, that it was fraudulently made, that it is material, and that it induced the company to issue the policy, that but for such answer the policy would not have been issued, and that the agent or company had no knowledge of the falsity or fraud of such answer." (Emphasis added.)
 When interpreting the former version of this statute, the Supreme Court of Ohio held that:
 "An insurer may establish an answer to an interrogatory by an applicant for life insurance as a bar to recovery upon a policy by clearly proving that (1) in giving such answer, the applicant willfully gave a false answer (2) such answer was made fraudulently (3) but for such answer the policy would not have been issued and (4) neither the insurer nor its agent had any knowledge of the falsity of such answer." Jenkins v. Metro. Life Ins. Co. (1961), 171 Ohio St. 557, paragraph one of the syllabus. See, also, Prudential Ins. Co. of Am. v. Vitantonio (Mar. 31, 1982), Lake App. No. 8-117, unreported, 1982 Ohio App. LEXIS 13457, at 3.
 Here, neither party disputes that Blakely knew he had high blood pressure at the time he applied for insurance; nor do they challenge the fact that he provided a false answer in his application. Instead, it is appellant's position that Blakely made an honest mistake regarding the seriousness of his condition. In other words, while appellant appears to concede that her husband suffered from uncontrolled high blood pressure, she maintains that he did not truly understand his condition as being uncontrolled because he was on medication.
So far as concerns the case at bar, the question before us is not whether Blakely completely understood the seriousness of his condition. Rather, what this court must determine is whether Blakely, as a matter of law, made a willfully false statement on his insurance application.
In Sambles v. Metro. Life Ins. Co. (1952), 158 Ohio St. 233, paragraph one of the syllabus, the Supreme Court of Ohio held:
 "Where an applicant for life insurance states in his application for such insurance that the present condition of his health is good and that he has neither consulted nor been treated by any physician within the past five years, although he has been treated by a physician for a serious ailment and knows that he has had a serious ailment, such statements are as a matter of law willfully false and fraudulently made * * *."
 As a result, an insurer, when seeking relief under R.C. 3911.06, is not required to prove fraudulent intent. To the contrary, all the company has to do is "simply show that the applicant knowingly provided a false answer." Dick v. Balboa Life Ins. Co. (Dec. 3, 1991), Franklin App. No. 91AP-586, unreported, 1991 Ohio App. LEXIS 5847, at 6. See, also, Reissig v. Columbia Natl. Life (Apr. 6, 1990), Lucas App. No. L-89-182, unreported, 1990 Ohio App. LEXIS 1327, at 4-5.
As we noted earlier, appellee took the deposition of Blakely's treating physician, Dr. Vance, prior to filing its motion for summary judgment. During his testimony, Dr. Vance related that Blakely had been to his office on numerous occasions since 1991 for high blood pressure. Dr. Vance also testified that during these visits, he repeatedly warned Blakely about the seriousness of his condition and even referred him to a hypertensive specialist for his blood pressure. Moreover, the doctor stated that he had given Blakely orders with respect to his treatment, which included medication and proper diet and exercise.
Despite these warnings, Dr. Vance believed that Blakely either could not or did not comply with the treatment regimen, which resulted in his blood pressure remaining dangerously high. In fact, Blakely's condition was so bad that Dr. Vance did not believe that his blood pressure would ever come under control and remain at acceptable levels. Furthermore, although Dr. Vance noted that Blakely's blood pressure would decline if he took his medications as instructed, at no time during his treatment did it come within what Dr. Vance would consider to be reasonable bounds.
After looking at the entire record, we cannot say that the trial court improperly granted appellee summary judgment in this case. Without question, at the time he completed the application, Blakely was aware that he suffered from high blood pressure. He had been treated for approximately six years for the condition with little positive results. To now say that Blakely could have honestly believed that his high blood pressure was controlled through medication certainly contradicts the evidence provided in the summary judgment exercise. Accordingly, Blakely's statement that he had not been treated during the past two years for uncontrolled high blood pressure was, as a matter of law, "willfully false and fraudulently made * * *." Sambles, supra.
In addition, appellee provided an affidavit from its claims director declaring that the company did not know of Blakely's medical history, and that had it been aware of his condition, the insurance policy would not have been issued. Thus, we conclude that appellee complied with all of the requirements set forth in R.C. 3911.06. As a result, appellee was entitled to summary judgment as a matter of law.
Based on the foregoing analysis, appellant's sole assignment of error is not well-taken. Therefore, the judgment of the trial court is affirmed.
 ______________________________________ JUDITH A. CHRISTLEY JUDGE
O'NEILL, P.J., FORD, J., concur.
[1] Appellant subsequently filed an amended complaint to include aclaim for punitive damages on December 30, 1999.
[2] Appellant does not challenge on appeal the trial court's grant ofsummary judgment with respect to punitive damages.