GLASSER, J., retired of the Sixth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution
 APPENDIX A IN MANDAMUS ON MOTION FOR SUMMARY JUDGMENT
In this original action, relator, Harold E. Stith, an inmate of the Ross Correctional Institution, requests a writ of mandamus ordering respondent, Honorable Richard S. Sheward, Judge of the Franklin County Court of Common Pleas, to proceed to judgment on a motion to correct sentence filed by relator on December 18, 2001, in the Franklin County Court of Common Pleas.
Findings of Fact:
1. On April 4, 2002, relator, Harold E. Stith, an inmate of the Ross Correctional Institution, filed this mandamus action against respondent, Judge Sheward. Relator requests that the writ order Judge Sheward to proceed to judgment on a motion to correct sentence filed by relator on December 18, 2001, in the Franklin County Court of Common Pleas.
2. On May 2, 2002, respondent filed a motion to dismiss this action on grounds that respondent has now performed the act that relator seeks to compel in this action. In support of the motion, respondent submitted the affidavit of Julie Gerst of the Franklin County Court of Common Pleas clerk's office.
3. Attached to the Gerst affidavit is a copy of the "Decision and Entry Denying the December 18, 2001 Motion of Defendant to Correct Sentence" ("decision and entry") filed May 1, 2002, with the clerk of the common pleas court.
4. The decision and entry filed by respondent denies relator's December 18, 2001 motion to correct sentence in case number 95CR-01-124.
5. In her affidavit, Gerst avers that the decision and entry is a true and accurate copy of the one on file at the clerk's office.
6. On May 9, 2002, the magistrate issued an order converting respondent's motion to dismiss to one for summary judgment.
7. On May 10, 2002, the magistrate issued notice to the parties that the motion for summary judgment would be submitted to the magistrate on May 28, 2002.
8. On May 24, 2002, relator filed a document captioned "Motion in Opposition to Motion to Dismiss." In this document, relator attempts to challenge the merits of respondent's May 1, 2002 decision and entry. Relator does not dispute respondent's contention that respondent has now performed the act that relator seeks to compel in this action.
Conclusions of Law:
It is the magistrate's decision that this court grant respondent's motion for summary judgment.
Summary judgment is appropriate when the movant demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, said party being entitled to have the evidence construed most strongly in his favor. Turner v. Turner (1993), 67 Ohio St.3d 337, 339-340; Bostic v. Connor (1988), 37 Ohio St.3d 144, 146; Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66. The moving party bears the burden of proving no genuine issue of material fact exists. Mitseff v. Wheeler (1988), 38 Ohio St.3d 112, 115.
Civ.R. 56(E) states in part:
 * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
Respondent has supported his motion for summary judgment with evidence indicating that respondent has performed the act which relator seeks to compel in this action. Relator does not dispute this.
The magistrate finds that there is no genuine issue of material fact, that respondent is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion and that conclusion is adverse to relator against whom the motion for summary judgment is made, said relator being entitled to have the evidence construed most strongly in his favor.
Accordingly, it is the magistrate's decision that this court grant respondent's motion for summary judgment.