OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.


Turner, Appellant, v. Turner, Appellee.
[Cite as Turner v. Turner (1993),     Ohio St.3d    .]
Civil procedure -- When litigant's affidavit in support of
     motion for summary judgment is inconsistent with his
     earlier deposition testimony, summary judgment in that
     party's favor is improper -- Witnesses -- Visual
     impairment is not a basis designated by Evid.R. 601 for
     exclusion of a witness's testimony.
1.  When a litigant's affidavit in support of his or her motion
         for summary judgment is inconsistent with his or her
         earlier deposition testimony, summary judgment in that
         party's favor is improper because there exists a
         question of credibility which can be resolved only by
         the trier of fact.
2.  Visual impairment or blindness is not a basis designated by
         Evid.R. 601 for the exclusion of a witness's testimony
         and cannot support a trial court's decision not to
         consider a party's affidavit or other evidentiary
         material offered against an opponent's motion for
         summary judgment pursuant to Civ.R. 56(E).
     (No. 91-2010 -- Submitted April 28, 1993 -- Decided
September 15, 1993.)
     Appeal from the Court of Appeals for Lorain County, No.
91CA004961.
     This appeal involves an automobile accident which occurred
on March 18, 1989 in Lorain County.  Betty L. Turner,
defendant-appellee, was driving her son Ricky D. Turner,
plaintiff-appellant, home from the hospital in Cleveland, where
he had been a patient.  It had been snowing for some time and
continuous flurries were adding to the accumulation of snow and
slush already on the road.  Defendant drove at a reduced speed
(forty m.p.h. in a fifty-five m.p.h. zone) in the right lane of
westbound traffic on Interstate 90 and maintained a
two-car-length distance between her car and the vehicle
directly in front of her.  A third car, traveling at
approximately the same speed, followed closely behind defendant
in the right lane.  Upon viewing the vehicle in front of her
quickly slide out of its lane of traffic and skid left towards

the median, defendant braked her car and also started sliding. Defendant's car spun one hundred eighty degrees around and came to a stop partially on the berm and partially in her lane, facing the westbound traffic. Seconds later, the car which had been following struck defendant's car. Plaintiff sustained serious injuries as a result of the collision.

Ricky sued his mother, claiming that his injuries were caused by her negligence. Following the taking of depositions of both parties, defendant filed a motion for summary judgment, in which she argued that her conduct in braking the car did not constitute a negligent act. Attached to that motion was an affidavit in which defendant stated that she braked her car in order to avoid a collision with the car ahead of her. Plaintiff filed his motion for summary judgment and a response to defendant's motion for summary judgment. He supported his motion with an affidavit in which he stated that his mother did not have to brake the car in order to avoid hitting the car sliding in front of them.

The trial court denied Ricky Turner's motion, granted Betty Turner's motion, and dismissed the complaint. In a two-to-one decision, the court of appeals affirmed on the ground that Ricky failed to present evidence of his mother's negligence in order to withstand her motion for summary judgment. The court of appeals, in discounting Ricky's deposition testimony and his affidavit, determined that he had failed to show affirmatively that he was competent to testify as to whether his mother needed to brake in order to avoid a collision with the car in front of their car because "he has glaucoma and is visually impaired; he admitted that his vision that night was further reduced as a result of the snow; and he does not have a driver's license nor has he ever driven a car."

The cause is now before this court pursuant to the allowance of a motion to certify the record.

Thomas R. Theado, for appellant.
Savoy, Bilancini, Flanagan & Kenneally and Jerome J. Savoy, for appellee.
Janet D. Tomko, urging reversal for amicus curiae, National Federation of the Blind of Ohio.
Robert S. Mills, urging reversal for amicus curiae, Ohio Legal Rights Service.

Moyer, C.J.    Plaintiff advances two arguments in support of his position that the trial court erred in granting defendant's motion for summary judgment. In his first argument, plaintiff contends that an evidentiary conflict exists between defendant's deposition testimony and her affidavit in support of her summary judgment motion, which raises a genuine issue of material fact and thereby precludes summary judgment in her favor. Plaintiff next argues that, even assuming arguendo that no such evidentiary conflict exists, summary judgment for defendant was still improper because (1) plaintiff was competent to testify as to whether it was necessary for defendant to brake in order to avoid colliding with the car traveling ahead of their car, and (2) through his affidavit and deposition testimony, plaintiff met his burden of setting forth evidence of his mother's negligence

sufficient to withstand her motion for summary judgment.

I

## Movant's Evidentiary Conflicts

Pursuant to Civ.R. 56(C), summary judgment is appropriately rendered when "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274. Accord Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 8 O.O.3d 73, 375 N.E.2d 46.

Because summary judgment represents a shortcut through the normal litigation process by avoiding a trial, "the burden of establishing that the material facts are not in dispute and that no genuine issue of fact exists is on the party moving for the summary judgment." (Emphasis added.) Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115, 120, 570 N.E.2d 1108, 1114.

Determination of the materiality of facts is discussed in Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202. "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id. at 248, 106 S.Ct. at 2510, 91 L.Ed.2d at 211. See, also, Perez v. Scripps-Howard Broadcasting Co. (1988), 35 Ohio St.3d 215, 218-219, 520 N.E.2d 198, 202.

In the case sub judice, whether defendant's car would have struck the car ahead of her had she not braked may affect the outcome of her son's lawsuit against her. For instance, if defendant had no other choice but to brake in order to avoid a collision, her conduct will be deemed reasonable. If defendant could have continued in her lane of traffic without striking that car, a jury may find that she was negligent in suddenly applying her brakes. Quite obviously, resolution of this factual dispute determines the action.

Having found that a material question of fact exists, we next consider, pursuant to Civ.R. 56(C), whether there is a genuine issue. Whether a genuine issue exists is answered by the following inquiry: Does the evidence present "a sufficient disagreement to require submission to a jury" or is it "so one-sided that one party must prevail as a matter of law[?]" Anderson v. Liberty Lobby, supra, 477 U.S. at 251-252, 106 S.Ct. at 2512, 91 L.Ed.2d at 214.

Plaintiff's first argument is based on an alleged evidentiary conflict between his mother's affidavit and her deposition testimony on a factual issue: whether her car would have struck the car traveling ahead of her had she not pressed the brakes. In seeking summary judgment, defendant submitted an affidavit containing the following statement: "In view of the emergency created by the car in front of me when it lost control, I felt that I had to apply my brakes to avoid a collision." Defendant, however, had been less certain that she needed to brake when she was deposed on that factual issue three weeks earlier:

"Q. *** My question has been, if you didn't hit the brakes, would you have hit his car. And your answers have been I don't know; is that correct?

"A. Well, I really don't know.

"Q. Okay. So you don't know. So, if someone were to say yes, you would not have hit that car, you wouldn't know otherwise, is that correct?

"A. Well, I feel there was a possibility I could have hit it and a possibility I could have missed it. How's that?

"Q. You mean if you hadn't braked?

"A. If I hadn't -- tell me again.

"Q. Sure, absolutely. See, what this is trying to do is figure out since you're there --

"A. See, I really don't know. You don't know. Even I don't think you could answer that question saying that if you would have hit that car or you wouldn't have hit that car. I mean, I did what I felt was right, I braked." (Emphasis added.)

In deciding whether an evidentiary conflict exists so as to preclude summary judgment, a trial court must adhere to Civ.R. 56(C) and view the record in the light most favorable to the party opposing the motion. Kunkler v. Goodyear Tire & Rubber Co. (1988), 36 Ohio St.3d 135, 138, 522 N.E.2d 477, 480. Even the inferences to be drawn from the underlying facts contained in the affidavits and depositions must be construed in the nonmoving party's favor. Hounshell v. Am. States Ins. Co. (1981), 67 Ohio St.2d 427, 433, 21 O.O.3d 267, 271, 424 N.E.2d 311, 315. Bearing this in mind, we must construe defendant's equivocal responses made in her deposition testimony to mean that she does not know whether braking was necessary to keep from hitting the car that spun out of control ahead of her. Therefore, even though defendant's affidavit does not explicitly contradict her earlier statements made while being deposed, we nonetheless find an evidentiary conflict concerning the necessity of braking.

It appears that the court of appeals determined the credibility of the evidence, contrary to the purpose of Civ.R. 56(C). Credibility issues typically arise in summary judgment proceedings when one litigant's statement conflicts with another litigant's statement over a fact to be proved. Since resolution of the factual dispute will depend, at least in part, upon the credibility of the parties or their witnesses, summary judgment in such a case is inappropriate. However, as demonstrated by the case sub judice, credibility questions also arise when an unambiguous statement contained in the affidavit of the party moving for summary judgment is controverted by that party's earlier deposition testimony. Such a discrepancy over a material fact can be resolved only by the trier of fact and, on this basis, the trial court erred in granting defendant's motion for summary judgment. Accordingly, we hold that when a litigant's affidavit in support of his or her motion for summary judgment is inconsistent with his or her earlier deposition testimony, summary judgment in that party's favor is improper because there exists a question of credibility which can be resolved only by the trier of fact.

II

Competency

The second question presented for our determination is

whether the court of appeals erred when it affirmed the trial court's action that disregarded Ricky's affidavit and his deposition testimony where he gave his opinion that his mother did not have to brake in order to avoid colliding with the car in front of her.  The trial court had before it plaintiff's affidavit and his deposition testimony.  Both contain statements that refute defendant's argument that she acted reasonably in braking her car because it was necessary to do so in order to avoid hitting the car ahead of her car.  Plaintiff opined differently.  In his affidavit, plaintiff stated, "My mother did not have to brake in order to avoid hitting the car which was in front of hers at around the State Route 611 exit from Interstate 90 and which, all of a sudden, slid to the left out of her car's lane of travel and quickly into the median."  (Emphasis sic.)  This statement is consistent with plaintiff's prior deposition testimony:

"Q. *** How do you feel that your mother was negligent?

"A. She didn't have to stop when the car in front of us kept going.  She could have kept on going and she did stop.

"Q. You're saying she was negligent because she stopped in that lane?

"A. She didn't have to stop.  I think that she could have kept going."

The court of appeals held that plaintiff failed to show that he was competent to testify on this matter, pursuant to Civ.R. 56(E).1  The court stated three factors that negatively affected Ricky's competency to testify as to his mother's negligence: (1) he is visually impaired because he suffers from glaucoma, (2) he admitted that his vision was further impaired on the night of the accident due to the snowy weather conditions, and (3) he does not have a driver's license, nor has he ever driven a car.  The court of appeals erred in holding that this evidence was excludable on the basis of plaintiff's incompetency under Civ.R. 56(E).  Since this evidence raises a genuine issue of material fact, defendant's motion for summary judgment was improperly granted.

It is significant that the trial court never found that plaintiff was incompetent to testify to the matters stated in his affidavit and deposition testimony.  The trial court summarily ruled against Ricky on the motions for summary judgment and dismissed his lawsuit without holding a competency hearing.

Proper judicial procedure requires the trial judge to conduct a voir dire examination prior to determining a witness's competency.

The Civ.R. 56(E) requirement that all affidavits "show affirmatively that the affiant is competent to testify" is consistent with the general rule of competency contained in Evid.R. 601.  Evid.R. 601 provides that "[e]very person is competent to be a witness" and then states exceptions.  The rule favors competency, conferring it even on those who do not benefit from the presumption, such as children under ten, if they are shown to be capable of receiving "just impressions of the facts and transactions respecting which they are examined" and capable of "relating them truly."  Evid.R. 601(A).  (See State v. Frazier [1991], 61 Ohio St.3d 247, 574 N.E.2d 483, at syllabus, for factors to be taken into consideration by the

trial court in determining whether a child under age of ten is competent to testify; State v. Wilson [1952], 156 Ohio St. 525, 529-530, 46 O.O. 437, 439, 103 N.E.2d 552, 555.)

In cases where the witness is under the age of ten or is of unsound mind, the presumption is of incompetency and the burden of proving competency is on the party offering the testimony of that witness. Visual impairment or blindness is not a basis designated by Evid.R. 601 for the exclusion of a witness's testimony and cannot support a trial court's decision not to consider a party's affidavit or other evidentiary material offered against an opponent's motion for summary judgment pursuant to Civ.R. 56(E).

All of the factors cited by the court of appeals in affirming the trial court relate to the credibility of the statements made by Ricky, not his competency to testify. We have held that an affidavit containing opinion testimony by a lay witness offered in support of a motion for summary judgment may be considered by a trial court or a reviewing court when it meets the requirements set forth in Civ.R. 56(E) and Evid.R. 701. Tomlinson v. Cincinnati (1983), 4 Ohio St.3d 66, 4 OBR 155, 446 N.E.2d 454, at paragraph one of the syllabus. Evid.R. 701 provides the standards for admissibility of the opinion testimony of a lay witness:

"If the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those opinions or inferences which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue."

Plaintiff's statements made in his affidavit and deposition testimony are helpful to the determination of the disputed material facts. Despite his sight impairment and lack of driving experience, his opinion is relevant as a witness to the collision. His opinion should have been sufficient to avoid summary judgment against him. Whether his lay witness opinion is accurate and worthy of belief is not a test of admissibility under Evid.R. 601 or 701. Instead, it is for the jury to determine the credibility of the witnesses and the weight to be given their testimony.

Accordingly, the judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings not inconsistent with this opinion.

Judgment reversed<br>
and cause remanded.

A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.

Wright, J., concurs in part and dissents in part.

FOOTNOTE:

1 The relevant portion of Civ.R. 56(E) reads as follows:

"Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. *** When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his

response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If he does not so respond, summary judgment, if appropriate, shall be entered against him."  (Emphasis added.)

Wright, J., concurring in part and dissenting in part.  I concur in paragraphs one and two of the syllabus and Part II of the opinion.  I disagree that the facts of this case justify the conclusion reached by the majority in Part I.