JOURNAL ENTRY AND OPINION
Plaintiff Mary Gattozzi appeals from the order of the trial court which granted summary judgment to defendant Midland First American National Title Service (Midland) on plaintiff's claim for breach of contract. For the reasons set forth below, we affirm.
On January 20, 1995, plaintiff entered into a purchase agreement with the Allegheny West Conference Corporation of Seventh Day Adventists (Allegheny West) to sell her property located at 15301 St. Clair Avenue, in Cleveland. In relevant part, this agreement provided:
 3. Taxes, assessments, to be prorated, as of the date of the transfer, on the basis of the last available tax duplicate. * * * (Emphasis added).
 5. Seller shall pay through escrow: * * * all prorations specified herein * * * . This Agreement shall serve as escrow instructions to which the escrow agent may attach his usual form of acceptance.
Thereafter, plaintiff as Seller and Allegheny West as Buyer entered into an agreement appointing Midland the escrow agent for the transaction. Midland accepted the appointment subject to the following conditions to which plaintiff and Allegheny West agreed:
 4. Phrases such as to date of transfer, as of date of filing, and the like shall be construed to mean to and including date title documents are filed for record. For the purpose of prorations, the Seller shall be considered the owner through the day of title transfer. Adjustments shall be made on a thirty day month basis. * * * Information secured by the Company relative to taxes, assessments, insurance, rents, interest, and balance due on mortgages or other adjustments, in accordance with the terms of the instruction and shall be conclusive against the parties hereto. Taxes and assessments to be adjusted shall be calculated on the basis of a calendar year using the amount shown on the last available County Treasurer's tax duplicate that has been certified by the County Auditor as of the date transfer of title in this escrow. * * *
 7. Unless otherwise specified in the instructions, Seller shall be chargeable with the cost of the following items: * * * all taxes, and assessments due and payable to the County Treasurer at the date of filing the instruments for record in the within escrow, and costs of satisfying of record liens or encumbrances not specifically assumed by the Buyer according to the instructions herein. (Emphasis added).
Several months after the purchase agreement was executed, but before the transaction closed, the county auditor discovered that a building located on plaintiff's premises had been erroneously omitted from tax consideration and determined that additional taxes were due for tax years 1993 and 1994. On May 9, 1995, plaintiff subsequently informed Midland that she did not permit it to pay these past due amounts and that she wished to establish a tax escrow after closing pending her release of such payment or pending a judicial order confirming that the additional amounts were due. It is undisputed that plaintiff's letter was not signed by Allegheny West or Midland. It is also undisputed that plaintiff did not file any action contesting the additional 1993 and 1994 taxes.
On September 21, 1998, plaintiff filed this action against Midland for breach of contract. Plaintiff alleged that Midland paid the taxes, including the past due amounts for 1993 and 1994, contrary to the terms of the purchase agreement and that based upon the last available tax duplicate at the time of the contract these taxes were not due and owing. (Emphasis added).
Midland denied liability. Midland also filed a counterclaim in which it asserted that it correctly paid the disputed tax amounts because plaintiff owned the subject property in 1993 and 1994 and because plaintiff failed to take any legal action to support her claim that the additional assessments were erroneously levied.
Both parties moved for summary judgment. The trial court granted Midland's motion for summary judgment and plaintiff now appeals.
Plaintiff's assignments of error are interrelated and state:
 THE COURT ERRED IN OVERRULING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.
 THE COURT ERRED IN GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT.
Here, and within her motion for summary judgment, plaintiff insists that the date of the purchase agreement, and not the date of transfer controls the payment of the assessments herein. Plaintiff states, January 20, 1995 * * * is the determinative date upon which taxes are to be pro-rated based upon the last available tax duplicate. It would be the last available tax duplicate existing of the contract date and not some later date. (Emphasis added). In opposition, Midland argues that it was entitled to judgment as a matter of law since the purchase agreement and the escrow conditions agreed to by the parties clearly indicate that Midland was to pro-rate the assessments due and payable at the date of filing the instruments for record.
With regard to procedure, we note that summary judgment is a procedural device used to terminate litigation and must therefore be awarded with caution, resolving all doubts in favor of the party opposing the motion. Osborne v. Lyles (1992), 63 Ohio St.3d 326, 333. In order for summary judgment to be properly rendered, it must be determined that:
 (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. See, also, State ex rel. Zimmerman v. Tompkins (1996), 75 Ohio St.3d 447, 448. The burden of establishing that there are no genuine issues of material fact to be litigated is upon the party moving for summary judgment. Turner v. Turner (1993), 67 Ohio St.3d 337, 340. If the moving party meets this burden, the non-moving party must then produce evidence pursuant to Civ.R. 56 setting forth specific facts which show that there is a genuine triable issue. State ex rel. Zimmerman v. Tompkins, supra, at 449.
With regard to the substantive law, we note that pursuant to R.C. 5713. 20, where (as here) a structure has been erroneously omitted from tax consideration in the preceding five years, the county auditor shall order the county treasurer to correct the tax duplicate and the county treasurer shall then submit a bill for the unpaid taxes to the person who owned the property during the time of the omission. See R.C. Chapter 5713.
In this instance, the purchase agreement provided:
 3. Taxes, assessments, to be prorated, as of the date of the transfer, on the basis of the last available tax duplicate. * * * (Emphasis added).
 5. Seller shall pay through escrow: * * * all prorations specified herein * * * . This Agreement shall serve as escrow instructions to which the escrow agent may attach his usual form of acceptance.
Similarly, the conditions of escrow, to which plaintiff and Allegheny West agreed, provided:
 4. Phrases such as to date of transfer, as of date of filing, and the like shall be construed to mean to and including date title documents are filed for record. For the purpose of prorations, the Seller shall be considered the owner through the day of title transfer. Adjustments shall be made on a thirty day month basis. * * * Information secured by the Company relative to taxes, assessments, insurance, rents, interest, and balance due on mortgages or other adjustments, in accordance with the terms of the instruction and shall be conclusive against the parties hereto. Taxes and assessments to be adjusted shall be calculated on the basis of a calendar year using the amount shown on the last available County Treasurer's tax duplicate that has been certified by the County Auditor as of the date transfer of title in this escrow. * * *
 7. Unless otherwise specified in the instructions, Seller shall be chargeable with the cost of the following items: * * * all taxes, and assessments due and payable to the County Treasurer at the date of filing the instruments for record in the within escrow, and costs of satisfying of record liens or encumbrances not specifically assumed by the Buyer according to the instructions herein. (Emphasis added).
By application of the foregoing, there is no genuine issue of material fact and Midland was entitled to judgment as a matter of law. The trial court therefore properly entered summary judgment for Midland herein.
Plaintiff also insists that Midland was not entitled to summary judgment for the additional reason set forth in its counterclaim, i.e., that plaintiff failed to take any legal action contesting the disputed amounts. In light of our previous determination that tax assessments were properly pro-rated as of the date of filing of title documents for record, this claim is moot and we will not address it herein. App.R. 12(A)(1)(c).
The assignments of error are without merit.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
 _________________________________ ANN DYKE, ADMINISTRATIVE JUDGE
LEO M. SPELLACY, J., AND PATRICIA A. BLACKMON J., CONCUR.