JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Forrest Warren ("appellant"), appeals the order of the Cuyahoga County Common Pleas Court granting summary judgment to defendant-appellee, Hartford Insurance Company of the Midwest ("Hartford Insurance"). For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} The underlying facts of this case are not in dispute. On February 20, 1999, defendant, Gregory Wickham, operated a motor vehicle and caused a collision with the vehicle in which appellant was a passenger. Appellant alleged that he sustained personal injuries in the motor vehicle accident.
 {¶ 3} At the time of the accident, appellant was an employee of Meijer, Inc., which had in effect with Hartford Insurance, a commercial automobile policy ("Hartford policy"). The Hartford policy provided for uninsured/underinsured ("UM/UIM") coverage in the amount of $1,000,000 per accident. Appellant filed the instant action against Hartford Insurance claiming that he was entitled to the UM/UIM coverage under his employer's Hartford policy.
 {¶ 4} Hartford Insurance filed its motion for summary judgment based on its argument that appellant was not an insured under the Hartford policy. On March 15, 2002, the trial court granted summary judgment in favor of Hartford Insurance.
 {¶ 5} Appellant appeals from this order, but contrary to the express requirements of App.R. 16(A)(3) and (7), appellant's brief did not contain a statement of the "assignment of error" presented for our review. For that matter, appellant also failed to set forth a statement of the issues as required by App.R. 16(A)(4) or a statement of the case as required by App.R. 16(A)(5). Instead, appellant set forth one "proposition of law," as follows:
 {¶ 6} "Plaintiff-appellant is an insured pursuant to the Supreme Court of Ohio's Scott-Pontzer decision notwithstanding the `Broadened Coverage' endorsement in Hartford's business automobile policy."
 {¶ 7} To correct the deficiencies of his brief, appellant's reply brief contained the following assignment of error:
 {¶ 8} "In the judgment entry of March 13, 2002, the court of common pleas of cuyahoga county incorrectly held that the `broadened coverage endorsement,' which extends coverage under defendant — Hartford Insurance's business auto policy to several specified individuals in addition to the ambiguous term `you' in reference to a corporation, removes the Scott-Pontzer ambiguity from the policy's definitions of named insureds."
 {¶ 9} With regard to procedure, we note that this court reviews the lower court's grant of summary judgment de novo in accordance with the standards set forth in Civ.R. 56(C). North Coast Cable v. Hanneman
(1994), 98 Ohio App.3d 434, 440. In order for summary judgment to be properly rendered, it must be determined that:
 {¶ 10} "(1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. See also, State ex. rel. Zimmerman v. Tompkins
(1996), 75 Ohio St.3d 447, 448.
 {¶ 11} The burden of establishing that there are no genuine issues of material fact to be litigated is upon the party moving for summary judgment. Turner v. Turner (1993), 67 Ohio St.3d 337, 340. If the moving party meets this burden, the non-moving party must then produce evidence pursuant to Civ.R. 56 setting forth specific facts which show that there is a genuine triable issue. State ex. rel Zimmerman v. Tompkins, supra.
 {¶ 12} Our limited review revolves around the inquiry of who is an insured for purposes of UM/UIM coverage provided for in the Hartford policy and does not reach the issue of whether appellant may be excluded from coverage on other grounds. In his brief, appellant relies on the authority of Scott-Pontzer v. Liberty Mutual Fire Ins. Co. (1999),85 Ohio St.3d 660, for the proposition that he is an insured under the Hartford policy. The Scott-Pontzer Court found that the insurance policy language at issue, defining the identity of the "insured," was ambiguous and interpreted "you" to include the corporate entity as well as its employees. Id. at 664-665. The Court reasoned as follows:
 {¶ 13} "It would be contrary to previous dictates of this court for us now to interpret the policy language at issue here as providing underinsured motorist insurance protection solely to a corporation without any regard to persons. * * * Rather, it would be reasonable to conclude that `you,' while referring to Superior Dairy, also includes Superior's employees, since a corporation can act only by and through real live persons. It would be nonsensical to limit protection solely to the corporate entity, since a corporation, itself, cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle. Here, naming the corporation as the insured is meaningless unless the coverage extends to some person or persons — including to the corporation's employees." Id. at 664.
 {¶ 14} In its motion for summary judgment, Hartford Insurance argued that because the Broadened Coverage endorsement in the Hartford policy named particular individuals to whom UM/UIM coverage extended, that appellant was not an insured for purposes of the Hartford policy. Hartford Insurance argued that coverage was not solely afforded to the corporate entity and also protected "real live persons," specifically, vice presidents or above, their spouses and resident relatives. Thus, Hartford Insurance attempted to distinguish this case from Scott-Pontzer and argued that this relieved any ambiguity in defining who is an insured.
 {¶ 15} After reviewing the motion, briefs and supporting evidence, the trial court held in its Judgment and Opinion dated March 8, 2002, as follows:
 {¶ 16} "As this Court has recently reasoned, if UM/UIM coverage does extend to `some person or persons,' then the language of the policy is no longer ambiguous. Addie v. Linville (October 2, 2001), Cuyahoga Com. Pl. Case No. 418527, unreported (Suster, J.) In Addie, this Court reasoned that because the language of the insurance policy included employees of the corporation, and not just the corporation itself, the ambiguity that concerned the Scott-Pontzer Court was removed. The removal of ambiguity is even more evident in the case at bar.
 {¶ 17} "The definition of `who is an insured' is the same in the Hartford policy and the policy in Scott-Pontzer. The key distinction between the policies, however, is the `Broadened Coverage Endorsement' contained in the Hartford policy that specifically names `Vice Presidents or above (spouse and/or resident relative)' as named `insured[s].' This language is unambiguous and not reasonably susceptible to the interpretation that Plaintiff is an insured. Plaintiff's employment at Meijer at the time of the accident was not in the capacity of vice president or similar position. As in Addie, the parties could have chosen to designate further individuals as `insureds' but did not do so."
 {¶ 18} The trial court determined that appellant was not an insured under the policy, and accordingly found that appellant could not maintain his claim against Hartford Insurance, and granted Hartford Insurance's motion for summary judgment.
 {¶ 19} Our review of the Hartford policy reveals that the "Common Policy Declarations" page within the Hartford policy defines the "named insured" as Meijer Incorporated. The Hartford policy contains the endorsement titled "Ohio Uninsured Motorists Coverage — Bodily Injury." This endorsement specifically modifies the insurance provided under the "Business Auto Coverage Form," and defines "Who is an Insured" for purposes of UM coverage as follows:
 {¶ 20} "B. Who is an Insured
 {¶ 21} "1. You.
 {¶ 22} "2. If you are an individual, any `family member.'
 {¶ 23} "3. Anyone else `occupying' a covered `auto' or a temporary substitute for a covered `auto.' The covered `auto' must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 24} "4. Anyone for damages he or she is entitled to recover because of `bodily injury' sustained by another `insured.'"
 {¶ 25} We note that the above definition of "Who is an Insured" is identical to the definition of "Who is an Insured" in the policy reviewed by the Scott-Pontzer Court.
 {¶ 26} The Hartford policy also contains the endorsement captioned "Drive Other Car Coverage — Broadened Coverage for Named Individuals," which again modifies the insurance provided under the "Business Auto Coverage Form." This endorsement provides, in part:
 {¶ 27} "C. Changes in Auto Medical Payments and Uninsured and Underinsured Motorists Coverages'
 {¶ 28} "The following is added to WHO IS AN INSURED: Any individual named in the Schedule and his or her `family members' are `insured' while `occupying' or while a pedestrian when being struck by any `auto' you don't own except: Any `auto' owned by that individual or by any `family member.'"
 {¶ 29} The aforementioned "Schedule" within the endorsement then lists as the "Name of Individual," the following:
 {¶ 30} "Blanket for position of Vice President or above (spouse and/or resident relative)."
 {¶ 31} Hartford Insurance argues that the inclusion of individuals as named insureds in the Broadened Coverage endorsement removes the ambiguity in `you' and, therefore, Scott-Pontzer is not applicable. With respect to this issue, a conflict exists between the district court of appeals and the issue is currently pending before the Supreme Court of Ohio. See Westfield Ins. Co. v. Galatis (2002), 96 Ohio St.3d 1446.
 {¶ 32} Until the Supreme Court reviews the conflict and holds otherwise, we follow the rule as it was recently articulated in Addie v.Linville (Oct. 3, 2002), Cuyahoga App. Nos. 80547, 80916,[1] in which this court stated:
 {¶ 33} "Primarily, we reject the notion that the holding ofScott-Pontzer does not apply because a separate endorsement modifies the Business Auto Coverage Form of the liability policy to add certain named individuals to the definition of who is an insured contained therein. We note that the particular endorsement relied upon does not substitute for, but rather explicitly adds to, the definition of who is an insured in the Business Auto Coverage Form. Thus, the ambiguity found inScott-Pontzer remains and the ambiguous `you' must still be deemed to include employees of the corporate entity identified as the `Named Insured.' Independent of the fact, the Ohio Uninsured Motorists Coverage — Bodily Injury endorsement separately modifies the Business Auto Coverage Form by changing the provisions of `Who is An Insured' for purposes of UIM coverage. This endorsement does not reference the individuals identified in Drive Other Car Coverage — Broadened Coverage for Named Individuals endorsement."
 {¶ 34} We follow the reasoning in Addie, supra. Further, we find abundant support for this determination in persuasive legal authority. See, Burkhart v. CNA Ins. Co. (Feb. 25, 2002), Stark App. No. 2001CA00265 (Fifth District); Still v. Indiana Ins. Co. (Feb. 25, 2002), Stark App. No. 2001 CA 00300 (Fifth District); Kasson v. Goodman (Jun. 7, 2002), Lucas App. No. L-01-1432 (Sixth District); and Reichardt v. Nat'l Sur.Corp. (Sept. 30, 2002), Clermont App. Nos. CA2002-02-017, CA2002-02-018 (Twelfth District). We note that some of the districts have held that listing specific individuals removes the ambiguity and limits UM protection to those individuals so identified. See Westfield Ins. Co. v.Galatis (Apr. 3, 2002), Summit App. No. 20784 (Ninth District); White v.Am. Mfrs. Mut. Ins. Co. (Aug. 9, 2002), Montgomery App. No. 19206 (Second District).
 {¶ 35} In accord with this court's reasoning in Addie, we find that appellant is an insured for purposes of UM coverage under the Hartford policy, we sustain appellant's single assignment of error and reverse the order of the trial court granting summary judgment in favor of Hartford Insurance.
 {¶ 36} Judgment is reversed.
This cause is reversed to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellants recover of said appellees their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, P.J., CONCURS TERRENCE O'DONNELL, J., DISSENTS(SEE ATTACHED DISSENTING OPINION)
[1] Notably, in the instant case, the trial court relied on Addie v.Linville (October 2, 2001), Cuyahoga Com. Pl. Case No. 418527, unreported, when it granted Hartford Insurance's motion for summary judgment. On appeal, this court held that the ambiguity is not relieved by the inclusion of named individuals in a Broadened Coverage endorsement, as well as the corporate entity.