JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Roshni Panta, M.D. ("appellant"), appeals the June 21, 2002, order of the Cuyahoga County Common Pleas Court granting summary judgment to appellees, Cincinnati Insurance Co. ("CIC") and Evanston Insurance Co. ("Evanston") (collectively referred to herein as "appellees"), and denying partial summary judgment to appellant, on uninsured motorist coverage. For the reasons set forth below, we reverse and remand.
 {¶ 2} This case stems from a January 2, 1995 incident wherein appellant claimed that she was injured while she was a passenger in the back seat of a taxicab owned by Yellow Cab Company of Cleveland, Inc. ("Yellow Cab"). Appellant claimed that the driver of the taxicab suddenly swerved the vehicle to avoid a collision with another vehicle, throwing her against a backseat window. The two vehicles did not collide.
 {¶ 3} At the time of the accident, appellant was employed by the Cleveland Clinic Foundation ("CCF"). Also, at the time of the accident, CIC insured CCF with a business auto insurance policy and a commercial umbrella policy. Both policies contained uninsured/underinsured ("UM/UIM") endorsements. Evanston insured Yellow Cab with an excess business auto liability policy which provided coverage beyond Yellow Cab's $150,000 self-insured retention. The policy contained an $850,000 combined single limit for bodily injury and property damage, for each accident.
 {¶ 4} On November 14, 1996, appellant filed her first lawsuit against Yellow Cab, Cuyahoga County Common Pleas Case No. 318733, claiming that the taxicab driver was negligent for failing to keep the vehicle under his control. The matter was submitted to arbitration, and on August 13, 1997, the arbitration panel found in favor of Yellow Cab. On August 25, 1997, appellant dismissed her case without prejudice.
 {¶ 5} On August 12, 1998, appellant re-filed her action, Cuyahoga County Common Pleas Case No. 361156, this time against Yellow Cab; Jamie Hill, the taxicab driver; John Doe Driver; and John Doe Insurance Company, which issued UM/UIM coverage to Yellow Cab. On October 22, 1999, the jury returned a verdict in favor of the defendants, which was affirmed by this court on appeal in Case No. 77286, on December 7, 2000.
 {¶ 6} On June 22, 2001, appellant filed her third lawsuit, the instant declaratory action, seeking UM/UIM coverage from named defendants, CIC, Evanston, Yellow Cab and John Doe Insurance Company. Appellant claimed that under Scott-Pontzer v. Liberty Mutual Fire Ins.Co. (1999), 85 Ohio St.3d 660, she was entitled to UM/UIM coverage under her employer's insurance policy with CIC. Appellant also claimed that she was entitled to UM/UIM coverage pursuant to Yellow Cab's insurance policy with Evanston. Subsequently, appellant voluntarily dismissed her claims against Yellow Cab on April 5, 2002.
 {¶ 7} CIC and Evanston each filed a motion for summary judgment and appellant filed a motion for partial summary judgment against both CIC and Evanston. In its motion for summary judgment, CIC argued that appellant was not a passenger in an "owned auto" at the time of the accident, as required under the policy language, thus, she was not entitled to UM/UIM coverage. CIC argued that an "owned auto" was an auto owned by either the named insured, CCF, or its employee, appellant. CIC also claimed that although the accident occurred on January 2, 1995, appellant did not notify CIC until February 7, 2000, breaching the prompt notice provision within the policy. Lastly, CIC argued that appellant destroyed CIC's subrogation rights by failing to file suit against the tortfeasor within the two-year statute of limitations for bodily injury claims. CIC also contended that appellant's claims were barred by the doctrine of res judicata.
 {¶ 8} The trial court found that appellant's claims were not barred by the "owned auto" provision because the policy language was ambiguous. The trial court further found that appellant's claims were not barred by the "late notice" provision in CIC's policy, reasoning that CIC received notice within a reasonable time under the circumstances, less than eight months after the decision in Scott-Pontzer.[1] In its opinion the trial court stated, "[n]otice provided within eight months after [appellant] learned that she had a claim for coverage through her employer is not unreasonable as a matter of law."
 {¶ 9} However, the trial court ruled that, although not barred by the notice provision, the appellant's claims were barred by the subrogation clause in CIC's policy.
 {¶ 10} CIC's right of subrogation arises from the following policy language in the Business Auto Conditions:
 {¶ 11} "5. TRANSFER OF RIGHTS OF RECOVERY AGAINST OTHERS TO US
 {¶ 12} "If any person or organization to or for whom we make payment under this Coverage Form has rights to recover damages from another, those rights are transferred to us. That person or organization must do everything necessary to secure our rights and must do nothing after "accident" or "loss" to impair them."
 {¶ 13} The trial court found:
 {¶ 14} "[Appellant's] claim against the unidentified driver was subject to the two-year statute of limitations set forth in Ohio Rev. Code § 2315.10. The accident which gave rise to this action occurred on January 2, 1995. [Appellant] did not assert a claim against the unidentified driver until August 12, 1998, approximately one and one-half years after the statute of limitations expired. As a result, [appellant] breached her duty not to impair CIC's subrogation rights and her claims for uninsured motorist coverage under CIC's policies are barred by the statute of limitations."
 {¶ 15} In its motion for summary judgment, Evanston argued that appellant's claim was barred by the doctrine of res judicata.[2]
Evanston also argued that appellant failed to provide Evanston with prompt notice as required under the policy language, thus, she was unable to maintain a claim for UM/UIM coverage.
 {¶ 16} The notice provision in Evanston's policy is as follows:
 {¶ 17} "SECTION III — BUSINESS AUTO CONDITIONS
 {¶ 18} "A. LOSS CONDITIONS
 {¶ 19} "2. DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS
 {¶ 20} "a. In the event of "accident", "claim", "suit" or "loss," you must give us or our authorized representative prompt notice of the accident or loss. Include:
 {¶ 21} "1. How, when, and where the accident or loss occurred,
 {¶ 22} "2. The insured's name and address,
 {¶ 23} "3. To the extent possible, the names and addresses of any injured persons and witnesses."
 {¶ 24} In its opinion, the trial court stated:
 {¶ 25} "At the outset, it is important to note, as [appellant] does, that her claim for underinsured motorist coverage under the Evanston policy is not based upon the Supreme Court's holding inScott-Pontzer. To be certain, [appellant] states, `Lest there be confusion, the claim against Evanston is not a "Scott-Pontzer" claim; it is a plain old claim that there is UIM coverage on the cab and its passenger, by operation of law * * *.' * * * Consequently, [appellant] cannot assert that she became aware of her claim for coverage under the Evanston policy only after the Supreme Court issued its decision inScott-Pontzer on June 23, 1999."
 {¶ 26} The trial court then found that appellant's six-year delay in notifying Evanston of her UM/UIM claim was unreasonable as a matter of law and that appellant did not rebut the presumption of prejudice to Evanston.
 {¶ 27} Appellant submits two assignments of error for our review. As they raise issues common in both law and fact, we review the interrelated errors together.
 {¶ 28} "I. The trial court erred in granting defendant CIC Insurance Co.'s motion for summary judgment and in denying plaintiff's partial motion for summary judgment against CIC on the basis that plaintiff violated policy language regarding subrogation by virtue of plaintiff not having sued an unknown tortfeasor within two years of the date of the motor vehicle accident which barred plaintiff's uninsured motorist insurance recovery under CIC's policy in comport with the Supreme Court's decision in Scott-Pontzer v. Liberty Mutual Ins. Co.
(1999), 85 Ohio St.3d 660.
 {¶ 29} "II. The trial court erred in granting defendant Evanston Insurance Co.'s motion for summary judgment and in denying plaintiff's partial motion for summary judgment against Evanston on the basis that plaintiff violated policy language regarding notice by virtue of plaintiff not having notified Evanston promptly which barred plaintiff's uninsured motorist insurance recovery under Evanston's policy.
 {¶ 30} With regard to procedure, we note that this court reviews the lower court's grant of summary judgment de novo in accordance with the standards set forth in Civ.R. 56(C). North Coast Cable v. Hanneman
(1994), 98 Ohio App.3d 434, 440. In order for summary judgment to be properly rendered, it must be determined that:
 {¶ 31} "(1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from such evidence that reasonable minds can come to but one conclusion and, reviewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to the party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327. See also, State ex. rel. Zimmerman v. Tompkins
(1996), 75 Ohio St.3d 447, 448.
 {¶ 32} The burden of establishing that there are no genuine issues of material fact to be litigated is upon the party moving for summary judgment. Turner v. Turner (1993), 67 Ohio St.3d 337, 340. If the moving party meets this burden, the non-moving party must then produce evidence pursuant to Civ.R. 56 setting forth specific facts which show that there is a genuine triable issue. State ex. rel Zimmerman v. Tompkins, supra.
 {¶ 33} On appeal, the appellant urges that the "prompt notice" requirement in an insurance policy requires that the notice be given "within a reasonable time in light of all of the surrounding facts and circumstances." Ruby v. Midwestern Indem. Co. (1988), 40 Ohio St.3d 159,161. Further, the appellant contends that CIC and Evanston must prove actual prejudice resulting from the lack of prompt notice. Next, the appellant argues that where UIM coverage is imputed by operation of law, defenses such as consent, notification and subrogation do not apply, citing Demetry v. Kim (1991), 72 Ohio App.3d 692 (Franklin County).
 {¶ 34} CIC argues that appellant's failure to file suit against the tortfeasor within the two-year statute of limitations destroyed its subrogation rights and precluded UM/UIM coverage. Evanston argues that appellant is precluded from maintaining a UM claim as a matter of law because she did not provide Evanston with prompt notice. Evanston argues that late notice creates a rebuttable presumption of prejudice to the insurer. Ruby v. Midwestern (1988), 40 Ohio St.3d 159.
 {¶ 35} In our de novo review of the record, we are provided significant guidance by the recently articulated findings in Ferrando v.Auto-Owners Mutual Ins. Co. ___ Ohio St.3d ___, 2002-Ohio-7217. The Court in Ferrando reviewed a subrogation clause identical to CIC's subrogation clause herein, and a prompt notice clause identical to Evanston's notice clause herein. However, the facts in Ferrando differ. In Ferrando, the claimant failed to notify the insurer of the potential claim prior to a settlement and full release of the tortfeasor. Here, we are presented with the situation where the claimant failed to preserve the rights of the insurer by not filing suit against the tortfeasor within the statute of limitations and failed to provide prompt notice.
 {¶ 36} The Ferrando Court held:
 {¶ 37} "When an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a prompt-notice provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the insured's unreasonable delay in giving notice. An insured's unreasonable delay in giving notice is presumed prejudicial to the insurer absent evidence to the contrary.
 {¶ 38} "When an insurer's denial of underinsured motorist coverage is premised on the insured's breach of a consent-to-settle or other subrogation-related provision in a policy of insurance, the insurer is relieved of the obligation to provide coverage if it is prejudiced by the failure to protect its subrogation rights. An insured's breach of such a provision is presumed prejudicial to the insurer absent evidence to the contrary. (Bogan v. Progressive Cas. Ins. Co. [1988], 36 Ohio St.3d 22,521 N.E.2d 447, paragraph four of the syllabus, overruled in part.)"Ferrando, paragraphs one and two of syllabus.
 {¶ 39} After setting forth the above standards, the Ferrando Court articulated a two-step approach for determining whether the prompt notice and subrogation-related provisions were breached, and if so, whether the breach resulted in prejudice to the extent that UIM coverage is then forfeited.
 {¶ 40} "The two-step approach in late-notice cases requires that the court first determine whether the insured's notice was timely. This determination is based on asking whether the UIM insurer received notice `within a reasonable time in light of all the surrounding facts and circumstances.'" Ruby, syllabus. If the insurer did receive notice within a reasonable time, the notice inquiry is at an end, the notice provision was not breached, and UIM coverage is not precluded. If the insurer did not receive reasonable notice, the next step is to inquire whether the insurer was prejudiced. Unreasonable notice gives rise to a presumption of prejudice to the insurer, which the insured bears the burden of presenting evidence to rebut.
 {¶ 41} "In cases involving the alleged breach of a consent-to-settle or other subrogation-related clause, the first step is to determine whether the provision actually was breached. If it was not, the inquiry is at an end, and UIM coverage must be provided. Also, if the insurer failed to respond within a reasonable time to a request for consent to the settlement offer, or unjustifiably withheld consent, the release will not preclude recovery under the UIM policy, and the subrogation clause will be disregarded. McDonald, paragraphs two and three of the syllabus; Fulmer, paragraph one of the syllabus. If the consent-to-settle or other subrogation-related clause was breached, the second step is to determine whether the UIM insurer was prejudiced. If a breach occurred, a presumption of prejudice to the insurer arises, which the insured party bears the burden of presenting evidence to rebut."Ferrando, at ¶ 90-91.
 {¶ 42} Applying the above test and reasoning to the facts of this case, it is clear that the subrogation provision within CIC's policy was breached. Appellant waited until one and one-half years after the expiration of the two-year statute of limitations before asserting her claim against the unidentified driver, thereby, precluding CIC from taking any action against the unidentified tortfeasor. Thus, appellant failed to comply with the policy language to do everything necessary to secure CIC's rights and nothing to impair them.
 {¶ 43} Having found that the subrogation provision was breached, there is a presumption of prejudice to the insurer which the insured party bears the burden of presenting evidence to rebut. Our review of the record reveals that appellant submitted no evidence that CIC was not prejudiced by the breach. However, it is apparent that neither the trial court or the parties considered the resulting presumption of prejudice to the insurer. In light of Ferrando, we must remand for the trial court to now consider prejudice to the insurer as relevant and determine whether there is a genuine issue of fact as to whether CIC was prejudiced by the breach. In this case, appellant maintains that CIC was not prejudiced because the other driver remains unidentified as a tortfeasor. As inFerrando, the value of the subrogation rights sought to be protected remains to be evaluated.
 {¶ 44} In regard to the prompt notice provision in Evanston's policy, the appellant must have provided Evanston with notice within a reasonable time "in light of all surrounding facts and circumstances."Ruby, syllabus. Keeping this mind, the record demonstrates that appellant was aware of her claim against Yellow Cab's insurance company at the time she filed her second lawsuit on August 12, 1998 against John Doe Insurance Company, which issued UM/UIM insurance to Yellow Cab. However, this claim was dismissed for failure to prosecute and there is no evidence that appellant notified Evanston of the claim. Subsequently, appellant filed suit against Evanston on June 22, 2001, more than six years after the date of the accident. We cannot say that this delay is reasonable in light of the surrounding facts and circumstances, therefore, we find that appellant did not timely notify Evanston of her UM/UIM claim in breach of the policy. A six-year delay is unreasonable as a matter of law.
 {¶ 45} Next, Ferrando, instructs that we must determine whether Evanston was prejudiced. "Unreasonable notice gives rise to a presumption of prejudice to the insurer, which the insured bears the burden of presenting evidence to rebut." Ferrando, at ¶ 90. The record reveals that appellant's argument consists of her contention that she reasonably prompt notice and that the burden of showing prejudice rested with the insurer. Appellant failed to submit any rebuttal evidence that Evanston was not prejudiced by the delay. Pursuant to Ferrando, appellant bears the burden of presenting evidence to rebut the presumption of prejudice to Evanston. Therefore, we must remand as there is a genuine issue of fact as to whether Evanston was prejudiced by the breach of the notice provision.
 {¶ 46} Accordingly, we sustain appellant's first and second assignments of error and reverse and remand this case for further proceedings consistent with this opinion and with Ferrando.
 {¶ 47} Judgment is reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees her costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., CONCURS.
ANNE L. KILBANE, J., CONCURS IN JUDGMENT ONLY
[1] The accident occurred on January 2, 1995. After Scott-Pontzer was decided on June 23, 1999, the record reveals that appellant provided notice to CIC eight months later on February 7, 2000.
[2] The trial court found that appellant's claims were not barred by the doctrine of res judicata, because appellant sought declaration of her rights under the respective policies which was not previously addressed by the other lawsuits.