{¶ 35} I respectfully dissent. The majority relies predominantly on Colbert v. Cleveland, 99 Ohio St.3d 215, 2003-Ohio-3319, in affirming the trial court's granting of summary judgment. In Colbert, the police officers witnessed a crime and investigated without lights and sirens. The Ohio Supreme Court found that this constituted an "emergency call" to duty, and the officers' failure to use lights and sirens did not negate the city's full defense to liability. I agree with the rationale ofColbert. However, the facts and circumstances of this case are distinguishable.[3]
 {¶ 36} The majority reasons that the "police records and affidavits conclusively proved Bechtel had received a call indicating a rape was in progress * * *." In reaching this decision, the majority opinion seems to defer to the affidavits of the police officers, while constructively ignoring appellants' affidavits.
 {¶ 37} The parties have each filed sworn affidavits in support of their respective version of the facts. In addition to appellant Gwendolyn Mays Williamson's affidavit, appellants submitted a sworn affidavit of an uninterested third party who testified that Bechtel did not use his lights or sirens.[4] "Since resolution of the factual dispute will depend, at least in part, upon the credibility of the parties or their witnesses, summary judgment in such a case is inappropriate. * * * Such a discrepancy over a material fact can be resolved only by the trier of fact." Turner v. Turner, 67 Ohio St.3d 337.
 {¶ 38} The majority acknowledges that there is conflicting documentary evidence. They find that there is "a two-to-three minute variation in the times of the emergency call, the radio dispatch, and Bechtel's police unit's response." Despite this finding, the majority holds that such "slight discrepancies in time contained in the various documents do not raise any genuine issues of material fact, since they do not alter the dispositive one, viz., Bechtel was responding to an emergency call when the accident occurred." (Emphasis in original.) This conclusion cannot be supported in light of the conflicting factual evidence.[5]
 {¶ 39} Contrary to the majority's view, the genuine issue of material fact in this case is time. Even if the dispatch was made seconds after the accident, the officers could not have been responding to an emergency call. Such a factual determination is the role of the jury, not the courts. The majority is incorrect to weigh the credibility of the affiants when both sides have presented conflicting testimony.
 {¶ 40} Appellants have presented sufficient evidence to survive summary judgment. It is for the trier of fact to determine the credibility of the witnesses and the testimony provided. The trial court, and this majority opinion, has usurped the trier of fact's ability to weigh the evidence and credibility of the witnesses. I would reverse and remand.
[3] For instance, in Colbert, there was no issue as to what time the dispatch occurred.
[4] Under Colbert, Bechtel's use of lights and sirens is not of importance in this case. However, the conflicting affidavit testimony as to their existence goes to the credibility of the witnesses.
[5] To reach this conclusion, the majority would have had to rely upon the time of the emergency call, the radio dispatch, and Bechtel's police unit's response to determine that Bechtel was responding to an emergency call. Having previously found that these documents are inconsistent with each other, I question the majority's insistence on playing the role of fact finder.