JOURNAL ENTRY and OPINION
{¶ 1} The trial court granted summary judgment to appellees, Babcock Borsig Power, Inc. fka Riley Stoker Corporation ("Riley") and Greene Tweed Co. ("Greene Tweed"), on appellant's, Raymond Beckler's ("Beckler"), claims for exposure to asbestos-containing products. Beckler now appeals. For the following reasons, we reverse and remand the matter to the trial court.
 I. {¶ 2} Beckler filed his complaint against Riley and Greene Tweed, among others, alleging that he suffered injury as a result of his exposure at his employment as a pipe fitter to asbestos-containing products made by Riley and Greene Tweed. In response to Riley and Greene Tweed's interrogatory number 29 which sought the identity of each of the employers of which Beckler claimed he was exposed to asbestos, Beckler stated in pertinent part as follows:
 {¶ 3} "Plaintiff specifically recalls the following manufacturers, distributors and/or brand names of asbestos-containing products: Chesterton[;] Palmetto[;][1]
F.B. Wright[;] Riley Stoker Boilers.[2] . . ."
 {¶ 4} At deposition, Beckler failed to identify Riley and Greene Tweed when he was asked to recall the asbestos-containing products to which he was allegedly exposed during his employment history. Neither counsel for Riley nor Greene Tweed asked Beckler any questions at the deposition, despite the fact that both appellees were named in Beckler's answer to number 29 of the interrogatories.
 {¶ 5} Riley and Greene Tweed filed their motions for summary judgment, arguing that Beckler failed to raise a genuine issue of material fact that he was exposed to asbestos-containing products manufactured by Riley and/or Greene Tweed. Beckler filed his amended response and attached an affidavit, averring that he specifically recalls "Palmetto" and "Riley Stoker Boilers" (among others) as manufacturers of asbestos-containing products that he was exposed to during his employment. Riley and Greene Tweed filed their motions to strike Beckler's affidavit, arguing that the trial court should not consider it because it was inconsistent with Beckler's deposition testimony. "Rather than strike the affidavit," the trial court chose to "consider the conflict between the affidavit and deposition in light of current case law."[3] After its consideration of the "conflict," the trial court granted Riley and Greene Tweed's motions for summary judgment, holding that "subsequent affidavits, which are inconsistent with prior deposition testimony, do not raise a genuine issue of material fact sufficient to overcome a motion for summary judgment."
 II. {¶ 6} Although Beckler cites three assignments of error,[4] the gravamen of his appeal is that the trial court erred in granting Riley's and Greene Tweed's motions for summary judgment. In particular, Beckler argues that his affidavit attached to his response to the motions for summary judgment was not inconsistent or otherwise in conflict with his deposition testimony. Instead, Beckler asserts that his affidavit was consistent with his interrogatory answer, as well as his deposition testimony, and a genuine issue of material fact remains. Beckler's argument is well-taken.
 {¶ 7} The Ohio Supreme Court in Turner, 67 Ohio St.3d at syllabus paragraph 1, held as follows:
 {¶ 8} "When a litigant's affidavit in support of his or her motion for summary judgment is inconsistent with his or her earlier deposition testimony, summary judgment in that party's favor is improper because there exists a question of credibility which can be resolved only by the trier of fact."
 {¶ 9} Here, unlike in Turner, Beckler did not move for summary judgment with his attached affidavit. More importantly, Beckler's recollection of asbestos-containing products made by Riley and Greene Tweed in his affidavit is consistent with his interrogatory answer prior to deposition. His failure to recall Riley and/or Greene Tweed at deposition — meaning that he failed to mention their names — does not render his answer to the interrogatory a nullity or his affidavit a sham. Had Beckler failed to name Riley and/or Greene Tweed in his interrogatory answers, failed to name Riley and/or Green Tweed at his deposition, and submitted the instant affidavit in response to appellees' motions for summary judgment, reasonable minds could only conclude that such affidavit is a ruse to create an issue of material fact where none exists. Because the situation is entirely different here — Beckler put the appellees on notice prior to the deposition and did not contradict his interrogatory answer at deposition — there remains a genuine issue of material fact. The trial court erred by granting summary judgment to Riley and/or Greene Tweed and thus, the judgment is reversed and the matter is remanded to the trial court.
Judgment reversed and remanded.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellees his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., and Calabrese, Jr., J., Concur.
[1] Greene Tweed is the producer of Palmetto Packing.
[2] Riley is the producer of Riley Stoker Boilers.
[3] Although the ruling on the motions to strike is not dispositive of the issue on appeal, it should be noted that the record filed with this court fails to include a journal entry showing that such motions were granted or denied. Despite counsel's belief at oral argument that the trial court granted the motions to strike, there is nothing in the record on appeal that confirms that belief. To the contrary, the trial court's order, which is included in the record before this court, specifically states as follows: "Rather than strike the affidavits of [Beckler], this Court will consider the conflict between the affidavit and deposition in light of current case law."
[4] Beckler's three assignments of error are as follows: (1) the trial court erred in striking his affidavit because his affidavit was not in conflict with his deposition; (2) the trial court erred in striking his affidavit, even if it was conflicting, under the holding of the Ohio Supreme Court inTurner v. Turner, 67 Ohio St.3d 337, 1993-Ohio-176,617 N.E.2d 1123; and (3) the trial court erred in granting appellees' motions for summary judgment.