OPINION
{¶ 1} Appellants, Jeannette and Dennis Hottensmith, appeal from a final judgment of the Portage County Court of Common Pleas granting appellee, Kemper Insurance Company, n.k.a. Lumbermens Mutual Casualty Company ("Lumbermens Mutual"), summary judgment. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} In December 1998, Jeannette Hottensmith, while driving her own vehicle, was injured in an automobile accident allegedly caused by the negligence of Phillip Corvo, Jr. ("Corvo"). At the time of the collision, Jeanette Hottensmith was an employee of Century Products, a subsidiary of Rubbermaid Incorporated ("Rubbermaid"), which was insured under a policy of commercial automobile liability insurance issued by Lumbermens Mutual.
 {¶ 3} On August 22, 2000, appellants brought an action in the Portage County Court of Common Pleas against Corvo. The couple subsequently amended their complaint to include Lumbermens Mutual as a new party defendant, claiming that because Jeanette Hottensmith was an employee of Rubbermaid, she was entitled to the underinsured motorists benefits under Rubbermaid's automobile liability policy with Lumbermens Mutual.[1] After the parties filed competing motions for summary judgment, the trial court issued a written decision on June 5, 2002, denying appellants' motion for partial summary judgment and granting summary judgment to Lumbermens Mutual.
 {¶ 4} From this decision, appellants filed a timely notice of appeal with this court. They now submit the following assignments of error for our consideration:
 {¶ 5} "[1.] The trial court erred to the prejudice of Plaintiffs-Appellants in ruling that they may not recover uninsured/underinsured insurance benefits under a policy of insurance issued by Defendant Lumbermens thereby entitling Defendant Lumbermens to Summary Judgment.
 {¶ 6} "[2.] The Trial Court erred to the prejudice of Plaintiffs-Appellants in holding that Plaintiffs may not recover uninsured/underinsured insurance benefits under the Lumbermans policy as none of the subject policy endorsements or exclusions cited to by Defendant in the Trial Court apply to deny Plaintiffs-Appellants coverage under the subject policy."
 {¶ 7} Because both assignments of error concern the trial court's decision to grant Lumbermens Mutual summary judgment, for ease of discussion we will consider them together. Appellants first argue that as an employee of Rubbermaid, Jeanette Hottensmith was entitled to underinsured motorists coverage under the company's policy with Lumbermens Mutual based on the authority of Scott-Ponzer v. Liberty Mut.Fire Ins. Co. (1999), 85 Ohio St.3d 660. They maintain that because Lumbermens Mutual's policy defined an insured in the same manner as the policy at issue in Scott-Pontzer, the addition of an endorsement naming specific individuals as insureds did not remove the ambiguity concerning who was covered under the policy.
 {¶ 8} Summary judgment is appropriate when the moving party establishes the following: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ.R. 56(C); Leibreich v. A.J.Refrigeration, Inc., 67 Ohio St.3d 266, 268, 1993-Ohio-176.
 {¶ 9} If the moving party meets its initial burden under Civ.R. 56(C), then the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial.Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. If the nonmoving party fails to do so, the trial court may enter summary judgment against that party. Civ.R. 56(E).
 {¶ 10} In Scott-Pontzer, the decedent, who at the time was employed by Superior Dairy, Inc. ("Superior Dairy"), was killed in an automobile accident while driving a car owned by his wife. When the accident occurred, Superior Dairy was insured through a commercial automobile liability insurance policy issued by Liberty Mutual Fire Insurance Company ("Liberty Fire") that provided underinsured motorists coverage and an "umbrella/excess" insurance policy with Liberty Mutual Insurance Company ("Liberty Mutual").
 {¶ 11} The decedent's wife, as the surviving spouse and in her capacity as the executor of his estate, filed an action against both Liberty Fire and Liberty Mutual. In her complaint, the decedent's wife claimed that because her husband had been an employee of Superior Dairy when he was killed, she was entitled to the underinsured motorists benefits under Superior Dairy's policy with Liberty Fire, and that she also was entitled to any benefits accruing under the company's "umbrella/excess" policy with Liberty Mutual.
 {¶ 12} In Liberty Fire's policy, the declarations page listed Superior Dairy as the named insured. The business auto coverage form included in the policy stated that "[t]hroughout this policy the words you and your refer to the [n]amed [i]nsured shown in the declarations." Id. at 663. The policy also defined an insured for purposes of underinsured motorist coverage as:
 {¶ 13} "1. You.
 {¶ 14} "2. If you are an individual, any family member.
 {¶ 15} "3. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.
 {¶ 16} "4. Anyone for damages he or she is entitled to recover because of bodily injury sustained by another." Scott-Pontzer at 663.
 {¶ 17} Liberty Fire argued that the policy language unambiguously demonstrated that the parties intended to list Superior Dairy as the only named insured, and that the company's employees were not entitled to coverage. The Supreme Court, however, found that the language defining who was an insured was "subject to various interpretations[,]" and could be understood as to include company employees. Id. at 664. Specifically, the Court determined that because "a corporation can act only by and through real live persons[,]" and "cannot occupy an automobile, suffer bodily injury or death, or operate a motor vehicle[,]" it would be reasonable to conclude that "you," while obviously referring to Superior Dairy, also included the company's employees. Id. at 665. As a result, because any ambiguity in an insurance policy must be construed liberally in favor of the insured, the Supreme Court extended underinsured motorist coverage to the decedent. Id. at 665.
 {¶ 18} With respect to Liberty Mutual, the Supreme Court found that the company had failed to offer uninsured/underinsured motorist coverage under its "umbrella/excess" policy as required by R.C. 3937.18. As a result, the Court concluded that the policy included underinsured motorists coverage by operation of law, and that the decedent, as an employee of Superior Dairy, was an insured under the "umbrella/excess" policy.
 {¶ 19} Having concluded that the decedent was an insured under both policies, the Court then had to determine whether the decedent's wife was entitled to underinsured motorist benefits. In particular, the Court was required to determine whether the fact the decedent was not acting within the scope of his employment when he was killed precluded coverage.
 {¶ 20} Liberty Fire's policy did not contain any language requiring that employees must be acting within the scope of their employment in order to receive underinsured motorist benefits. Accordingly, the Supreme Court found that the decedent's wife was entitled to receive the benefits of that policy. Id. at 666.
 {¶ 21} However, Liberty Mutual's umbrella/excess insurance policy did restrict coverage to those employees acting within the scope of their employment. Despite this restriction, the Supreme Court ultimately held that because Liberty Mutual originally had failed to offer underinsured motorist coverage, any language in the policy was intended to apply solely to excess liability coverage and was not intended for underinsured motorist coverage. Therefore, the decedent's wife was entitled to recover underinsured motorist benefits under that policy as well. Id.
 {¶ 22} Recently, the Supreme Court limited the application ofScott-Pontzer. Recognizing the unworkable nature of its earlier decision, the Court confined the holding in Scott-Pontzer to those situations where an employee is within the course and scope of employment at the time of injury. Now, "[a]bsent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216,2003-Ohio-5849, paragraph two of the syllabus.
 {¶ 23} Having carefully reviewed the record, there is no evidence that Jeannette Hottensmith was within the course and scope of employment at the time of the accident. Accordingly, there is no need to determine whether an endorsement naming specific individuals as insureds removes the ambiguity surrounding who is covered under an insurance policy where a corporation is the only named insured. No matter the answer, because Jeannette Hottensmith's accident was unrelated to her employment, Lumbermens Mutual's policy issued to Rubbermaid does not provide coverage here.
 {¶ 24} Appellants' first assignment of error has no merit. Given our disposition of appellants' first assignment of error, any analysis of the couple's second assigned error, i.e., whether coverage is precluded by the "other owned auto" exclusion contained in the uninsured/underinsured motorists coverage endorsement, would be moot. The judgment of the trial court is affirmed.
Judgment affirmed.
Cynthia Westcott Rice, J., concurs.
DIANE V. GRENDELL, J., concurs in judgment only with concurring opinion.
[1] On August 21, 2001, appellants dismissed Corvo from the action.