{¶ 29} I must respectfully dissent from the majority in this matter, for the trial court has made a significant evidentiary error and a manifest injustice is sure to follow if this court were to ratify the error.
 {¶ 30} By definition, wrongful death cases are fraught with emotion. Someone has died, and their estate seeks justice for what they allege to be the wrongful action of others. When you add the allegation that medical providers contributed to the death, the necessity of thinking and analyzing facts, with precision, is required.
 {¶ 31} When lawyers, jurors, and judges embark upon the task of analyzing medical evidence, they are on unfamiliar and easily misunderstood ground indeed. Thus, the very essence of all such lawsuits invariably boils down to the battle of the experts. One side provides a distinguished doctor to express the opinion that the care received by the decedent led to an untimely demise. And the other side invariably provides an equally distinguished doctor to carefully explain that everything possible was done in a compassionate attempt to save a life. Thus, juries are needed to weigh the competing theories and arrive at a just verdict. That is the American Way.
 {¶ 32} However, experts can only render opinions upon facts which are properly admitted into evidence.[3] In the instant matter, there is one fact which, when weighed, will clearly spell victory for one side and doom for the other. Appellant's key witness, Officer Robert Paterniti, has testified under oath that the first ambulance to arrive did not have a defibrillator unit and the medics failed to "defibrillate" the decedent until the arrival of the second ambulance, some twenty minutes later.
 {¶ 33} The trial court found that appellant's experts "have opined that the failure to timely defibrillate the decedent caused her to loose [sic.] a chance of survival." Thus, appellant's expert opinion, based upon appellant's witness, if believed, would result in a favorable verdict for the decedent's estate.
 {¶ 34} However, in response, appellee has presented the affidavit of Kevin Orwick, who was the paramedic on the first ambulance. Orwick is also unequivocal in his assertion that he and his partner used their defibrillator unit within the first two minutes of arrival. Thus, since both sides cannot be believed on the same question, a question of fact exists.
 {¶ 35} The trial court ventured into a prohibited exercise when it weighed the competing versions of the same event, and found that Officer Paterniti's statements "were quite equivocal and he, in the end, stated he did not know if the defibrillator was in fact used. He was not present at all times and he acknowledged that defibrillation could have occurred without him being aware of such." The question is made all the more confusing by the fact that actual documentary evidence of defibrillation is present for ambulance number two, but missing for ambulance number one. Appellant's expert doctor opines this is evidence of fraud, but that is a question for another day.
 {¶ 36} The bottom line is that appellant, as the non-moving party, is entitled to all reasonable inferences pursuant to Civ.R. 56. In this matter, the inference is clear that defibrillation did not occur in the first twenty minutes. It is not the job of the court of appeals to accept or reject any inference. However, it is our job to ensure that the trial court properly conducted its function in that regard.
 {¶ 37} It is not the place for the trial court, in a summary judgment exercise, either to weigh the evidence before it or to accept one party's interpretation of that evidence.[4]
Rather, the trial court is required to construe the evidence most favorable for the non-moving party, unless the evidence is so one-sided or so unreliable that one party must prevail as a matter of law.[5]
 {¶ 38} Stated simply, summary judgment cannot be granted if an inference in support of the non-moving party's position can be drawn from the facts.[6] Such is clearly the case in this matter. As stated by the Supreme Court of Ohio, when ruling on a motion for summary judgment, the trial court is not permitted to weigh the evidence or choose among reasonable inferences.[7]
 {¶ 39} The standard of review in a summary judgment is clear. The Supreme Court of Ohio enunciated the standard in Temple v.Wean United, when it held:
 {¶ 40} "[B]efore summary judgment may be granted, it must be determined that: (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, andviewing such evidence most strongly in favor of the partyagainst whom the motion for summary judgment is made, that conclusion is adverse to that party." [8] (Emphasis added.)
 {¶ 41} There is no question that Officer Paterniti's testimony was "equivocal" as the trial court found. Honest answers do not always fit into a cookie-cutter formula. However, he was unequivocal when he testified that when the first ambulance crew arrived they did NOT have a defibrillator with them. That is more than an inference. It is direct testimony. And he was unequivocal when he testified that one of the medics almost immediately returned outside to the ambulance in an apparent search for additional equipment.
 {¶ 42} When those uncontradicted facts are combined with the facts that there is no "strip" from the first crew's defibrillation machine demonstrating its use and there is a "strip" from the second machine documenting its use twenty minutes later; a clear inference has arisen. It is axiomatic that when the court considers the evidence presented with regard to summary judgment, it should not attempt to usurp the jury's role of assessing credibility, weighing the evidence, or drawing inferences.[9]
 {¶ 43} Reasonable minds could readily differ on the key question of fact in this matter. From the evidence before me, I do not know if the initial defibrillation was performed within two minutes of arrival or twenty minutes later by the second ambulance crew. Reasonable minds could differ on that question. As a matter of law, summary judgment was inappropriate. A jury must weigh this competing evidence and arrive at a verdict.
[3] Evid.R. 703.
[4] Hietanen v. Rentschler (Dec. 17, 1999), 11th Dist. No. 98-G-2187, 1999 Ohio App. LEXIS 6112, at *14-15.
[5] Turner v. Turner (1993), 67 Ohio St.3d 337, 341.
[6] Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,15.
[7] Dupler v. Mansfield Journal (1980), 64 Ohio St.2d 116,121.
[8] Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
[9] Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242,249.