OPINION
{¶ 1} The following is an accelerated calendar appeal. Appellant, Jodi L. Coleman, LPN, appeals from the judgment entry of the Trumbull County Court of Common Pleas, granting summary judgment in favor of appellees, Peter Barnovsky, D.O., and Mary Barnovsky. For the reasons that follow, we affirm.
 {¶ 2} On March 27, 2003, appellant filed a complaint with the Trumbull County Court of Common Pleas, setting forth separate claims for defamation, intentional infliction of emotional distress, and breach of implied contract. Based upon these claims, appellant sought compensatory damages in excess of $25,000, punitive damages, pre-judgment and post-judgment interest, and costs of the action. With respect to these damages, appellant filed an affidavit attesting to the mental distress caused by the alleged conduct of appellees.
 {¶ 3} The focus of appellant's claims were alleged defamatory comments made by appellees, as her employer. Appellant, a licensed practical nurse, was employed by appellees to work in their medical office for approximately three years. On January 14, 2003, appellees informed appellant, and the rest of the medical office staff, that there was money missing from the office. Appellees scheduled a staff meeting for the following week to address the missing money.
 {¶ 4} On January 23, 2003, appellees met with appellant and two other staff members. The group proceeded to review the business records of the medical office. At some point during this review, appellee, Peter Barnovsky, stated, "Jodi, we would like to know what you did with my money?" This statement was made in the presence of the two staff members. Appellant maintains that, as a direct and proximate result of the foregoing statement, she has suffered a loss of wages and benefits, severe emotional distress, humiliation, and damage to her reputation. Appellees ultimately terminated appellant's employment based upon her failure to follow bookkeeping procedures and her poor behavior displayed during the review.
 {¶ 5} Appellees answered appellant's complaint and counterclaimed for conversion. Subsequently, appellees filed separate motions for summary judgment on appellant's claims for intentional infliction of emotional distress and breach of implied contract. The court granted both motions for summary judgment. Thus, appellant's remaining claim was defamation.
 {¶ 6} On December 8, 2003, appellees filed a motion for summary judgment on appellant's defamation claim. Appellees' motion argued that, predicated upon an employer's qualified privilege of communication, the comment made by appellees was not actionable defamation. Specifically, appellees maintained that the qualified privilege required appellant to establish actual malice. Appellees concluded that appellant's failure to demonstrate actual malice required summary judgment.
 {¶ 7} Appellant responded by contending that the qualified privilege was inapplicable as the comment was made with wanton and reckless disregard for the truth.
 {¶ 8} The trial court issued a judgment entry granting appellees' summary judgment on appellant's defamation claim. The court determined that the judgment was a final appealable order with no just reason for delay.
 {¶ 9} From this judgment, appellant has filed a timely notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 10} "The trial court abused its discretion in granting appellee's Rule 56 Motion as to the defamation count."
 {¶ 11} Under her sole assignment of error, appellant contends that the trial court erred by granting appellees' summary judgment on her claim for defamation. Specifically, appellant argues that she established appellees' comment was made with reckless disregard for the truth and, therefore, the qualified privilege for employers was not applicable. As evidence of appellees' reckless disregard, appellant notes that she was not interrogated by the police when the statement was made and that she was terminated for bookkeeping discrepancies and poor behavior, rather than theft.
 {¶ 12} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Summary judgment is proper when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come but to one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence construed most strongly in his favor. Civ. R. 56(C);Leibreich v. A.J. Refrigeration, Inc., 67 Ohio St.3d 266, 268,1993-Ohio-12.
 {¶ 13} Material facts are those facts that might affect the outcome of the suit under the governing law of the case. Turner v. Turner,67 Ohio St.3d 337, 340, 1993-Ohio-176, citing Anderson v. Liberty Lobby,Inc. (1986), 477 U.S. 242, 248. To determine what constitutes a genuine issue, the court must decide whether the evidence presents a sufficient disagreement to require submission to a jury, or whether it is so one-sided that one party must prevail as a matter of law. Turner at 340.
 {¶ 14} The party seeking summary judgment on the ground that the nonmoving party cannot prove its case bears the initial burden of informing the trial court of the basis for the motion and of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential elements of the nonmoving party's claims. Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107. The moving party must be able to point specifically to some evidence of the type listed in Civ. R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claim.Dresher at 293.
 {¶ 15} If the moving party fails to satisfy this initial burden, summary judgment should be denied. Id. However, if this initial burden is met, the nonmoving party has a reciprocal burden to respond, by affidavit or as otherwise provided in the rule, in an effort to demonstrate that there is a genuine issue of fact suitable for trial. Id.
 {¶ 16} "Defamation is a false publication causing injury to a person's reputation, or exposing that person to public hatred, contempt, ridicule, or shame, or affecting her adversely in her trade or business."Straus v. Doe, 11th Dist. No. 2003-L-082, 2004-Ohio-5316, at ¶ 26. Defamation occurs in one of two forms: libel or slander. Id. Slander generally refers to spoken defamatory words, while libel encompasses written defamatory words. Id.
 {¶ 17} In various contexts, written or spoken communications may be protected from defamation claims based upon a qualified privilege. See, e.g., Gaumont v. Emery Air Freight Corp. (1989), 61 Ohio App.3d 277. A communication between an employer and employee regarding the conduct of a third employee represents a qualified privilege if the communication was made in good faith concerning a matter of common interest. Blatnik v.Avery Dennison, 148 Ohio App.3d 494, 505, 2002-Ohio-1682. See, also,Gaumont at 290. "`Where the circumstances of the occasion for the alleged defamatory communications are not in dispute, the determination of whether the occasion gives the privilege is a question of law for the court.'" Blatnick at 505, quoting A B-Abell Elevator Co. v.Columbus/Cent. Ohio Bldg. Constr. Trades Council (1995),73 Ohio St.3d 1, 8.
 {¶ 18} Here, the circumstances surrounding the alleged defamatory communication are not in dispute. Specifically, the averred defamatory communication occurred while appellees, appellant, and two staff members were conducting a review of business records to determine the whereabouts of appellees' missing funds. After reviewing the records, appellee, Peter Barnovsky, stated to appellant, in the presence of two staff members, "Jodi, we would like to know what you did with my money?" Again, these are the undisputed circumstances surrounding the alleged defamatory comment. Thus, Peter Barnovsky's communication was presumptively privileged and appellant was required to provide evidentiary materials to rebut this privilege. Gaumont at 289.
 {¶ 19} In Blatnik, this court held that an employee could defeat an employer's qualified privilege if the employee showed, by clear and convincing evidence, that the employer's communication was made with actual malice. Id. at 505-506. To prove actual malice, the employee would have to establish that the employer's published communication was "made with knowledge of [its] falsity or with reckless disregard as to [its] truth or falsity." Id. at 506. Reckless disregard may be established by clear and convincing evidence that the employer's communication was made with a high degree of awareness of probable falsity or that the employer entertained serious doubts as to the truth of the communication. Id.
 {¶ 20} Appellant argues that actual malice has been established as there was no criminal investigation of the whereabouts of the money and her employment was terminated because of a bookkeeping error and poor behavior, rather than theft. This evidence fails to prove that the published communication was made with actual malice.
 {¶ 21} First, it is irrelevant that the police did not conduct an investigation as to her role in the missing funds because the communication did not accuse appellant of any criminal activity. To the contrary, the undisputed circumstances of the communication demonstrate that appellees' were attempting to determine whether appellant's improper bookkeeping resulted in the missing funds. Thus, the absence of a police investigation fails to show that appellees' communication was made with a high awareness of its falsity or that appellees' entertained serious doubts as to the truth of the communication
 {¶ 22} Likewise, the fact that appellant's employment was terminated due to a bookkeeping error and her behavior, rather than theft, fails to establish actual malice. As stated previously, the communication did not accuse appellant of a theft. Instead, it was merely an inquiry, after reviewing appellant's bookkeeping, as to what she had done with the money.
 {¶ 23} Again, the absence of evidence demonstrating appellees' belief that appellant had engaged in criminal activity fails to show that the communication was made with a high awareness of its falsity or that appellees' entertained serious doubts as to the truth of the communication. As such appellant has failed to rebut appellees' qualified privilege with clear and convincing evidence of actual malice.
 {¶ 24} Based upon the foregoing analysis, appellant's sole assignment of error is without merit. We hereby affirm the judgment of the trial court.
Ford, P.J., concurs,
William M. O'Neill, J., dissents with Dissenting Opinion.